Filed 6/18/13  P. v. Gaugush CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER GAUGUSH,<br><br>      Defendant and Appellant. | C072361<br><br>(Super. Ct. Nos.<br>CM035918 & CM036800) |

Appointed counsel for defendant Christopher Walter Gaugush asked this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  We will modify the judgment to include a parole revocation fine of $240 in each of the matters from which defendant has appealed. Finding no other arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

The matter here was resolved by plea and without a probation report. Accordingly, the facts are taken from the factual basis to which the parties stipulated in the trial court.

1

In February 2012, defendant entered the Walgreen's store in Chico, California. Inside the Walgreens, defendant "jumped" over the pharmacy counter and stole narcotic medications. Defendant ran from the store but was soon detained by law enforcement. Defendant was subsequently charged in Butte County Superior Court case No. CM035918 with second degree robbery (Pen. Code, § 211),[1] obstructing a peace officer (§ 148, subd. (a)(1)), and second degree commercial burglary (§ 459). It was further alleged that defendant served a prior prison term (§ 667.5, subd. (b)) and is required to register as a sex offender (§ 290).

In July 2012, defendant was charged in Butte County Superior Court case No. CM036800 with failing to register annually as a transient sex offender. (§ 290.011, subd. (c).)

Defendant entered a negotiated plea to resolve both matters. He pleaded no contest to failing to register annually as a sex offender and to second degree commercial burglary. In exchange, the remaining charges and allegations were dismissed and the People agreed defendant would serve a stipulated term of three years eight months in state prison. Defendant waived a referral to probation and he was sentenced in accordance with his plea.

The trial court ordered various fines and fees to be paid, including a $240 restitution fine in each case. Defendant was awarded 313 days of custody credit in case No. CM035918; he received no custody credits in case No. CM036800. Defendant appeals; his request for a certificate of probable cause was denied.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable

---

[1]     Undesignated statutory references are to the Penal Code.

2

issues on appeal.  (*Wende*, supra, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

At sentencing, the trial court imposed a $240 restitution fine (§ 1202.4) in each of the matters appealed.  The court, however, failed to impose the related $240 parole revocation fine under section 1202.45.  This is an error of law which we shall correct. (See *People v. Smith* (2002) 24 Cal.4th 849, 853.)  We shall modify the judgment to reflect imposition of this fine and order the abstract of judgment amended to reflect the same.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified to include imposition of a $240 parole revocation fine in Butte County case Nos. CM035918 and CM036800.  The trial court is directed to amend the abstract of judgment accordingly and forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.  The judgment is affirmed as modified.

    BLEASE        , Acting P. J.

We concur:

    NICHOLSON    , J.

    MAURO    , J.

3