Filed 3/17/14  P. v. Perrow CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B250503 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA087853) |
| v. | |
| ELISE MECHELLE PERROW, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Candace J. Beason, Judge.  Affirmed as modified.

Jolene Larimore, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Elise Mechelle Perrow persuaded Estefania Ocampo to reveal her social security number, which enabled Perrow to obtain credit cards in Ocampo's name without her consent. Perrow admitted to police that she used the credit cards to make purchases at several stores. After learning of the theft of her identity, Ocampo paid for a credit protection service.

Perrow was charged in an information with one count of identity theft (Pen. Code, § 530.5, subd. (a))[1] to which she pleaded not guilty. Perrow then waived her rights to a jury trial and entered an open plea to the court of no contest to the charge. The record of the plea hearing established that Perrow was advised of her constitutional rights and the nature and consequences of the plea, which she stated she understood. Defense counsel joined in the waivers of constitutional rights and stipulated to a factual basis. The trial court expressly found Perrow's waivers and plea were voluntary, knowing and intelligent.

At the sentencing hearing, the trial court suspended imposition of sentence and placed Perrow on five years of felony probation on condition she serve 90 days in county jail, less credit for time served, and have no contact with Ocampo. The court ordered Perrow to pay a $40 court security fee, a $30 criminal conviction assessment, a $10 crime prevention fee and a $240 restitution fine. The court also set a restitution hearing (§ 1202.44, subd. (f).

At the restitution hearing, Ocampo testified she was seeking $1,144 in restitution for lost wages, moving expenses and mileage. Additionally, Ocampo wanted to be reimbursed for 18 months of credit protection service at $20 per month, beginning in July 2012. The trial court denied Ocampo's request for $250 in moving expenses and rejected defense counsel's assertion that the credit protection services were unnecessary. The court ordered $894 in restitution payments.

Perrow filed a timely notice of appeal from the restitution order. We appointed counsel to represent her on appeal. After an examination of the record, counsel filed an opening brief in which no issues were raised. On November 21, 2013, we advised

---

[1] Statutory references are to the Penal Code.

2

Perrow she had 30 days in which to personally submit any contentions or issues she wished us to consider. No response has been received to date.

We have examined the record and are satisfied Perrow's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

Because the trial court failed to impose and stay the mandatory probation revocation fine pursuant to section 1202.44, we amend the judgment in that respect. (See *People v. Smith* (2001) 24 Cal.4th 849, 851-854.)

## DISPOSITION

The judgment is modified to reflect that a probation revocation fine in the amount of $240 is imposed and stayed pursuant to section 1202.44. As amended the judgment is affirmed.

ZELON, J.

We concur:

PERLUSS, P. J.

SEGAL, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3