Filed 3/27/14  P. v. Cooke CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B246001 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA080565) |
| v. | |
| JEFFREY GLENN COOKE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Antonio Barreto, Jr., Judge.  Affirmed as modified.

———

Kevin Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey and Rene Judkiewicz, Deputy Attorneys General, for Plaintiff and Respondent.

———

An information, filed on June 21, 2012, charged Jeffrey Glenn Cooke with one count of first degree burglary under Penal Code section 459.[1] The information alleged that the burglary constituted a violent felony within the meaning of section 667.5, subdivision (c)(21), "in that another person, other than an accomplice, was present in the residence during the commission of the . . . offense." It also alleged that Cooke had a prior serious or violent felony conviction for assault with a deadly weapon (§ 245, subd. (a)(1)), that qualified as a strike for purposes of the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and subjected him to a five-year enhancement under section 667, subdivision (a)(1). A jury found Cooke guilty of burglary and "true" the allegations that the burglary was of the first degree and that "there was another person present, other than an accomplice, during the commission of the [crime]." Cooke admitted his prior conviction for assault with a deadly weapon and agreed that it constituted a strike and a serious felony for the section 667, subdivision (a)(1), enhancement. The trial court sentenced him to a state prison term of nine years, consisting of the low term of two years for first degree burglary, doubled pursuant to the Three Strikes law, plus five years under section 667, subdivision (a)(1).

Cooke appealed, contending that (1) the trial court committed reversible error by admitting evidence under Evidence Code section 1101, subdivision (b), and (2) the evidence is insufficient to support the jury's finding that another person, other than an accomplice, was present in the residence during the burglary. The People ask us to modify the abstract of judgment to reflect the parole revocation fine assessed by the court. We reject Cooke's contentions, modify the abstract of judgment to reflect the parole revocation fine and affirm the judgment as modified.

---

[1]      Statutory references are to the Penal Code unless otherwise noted.

**DISCUSSION**

1.    *The Trial Court Did Not Commit Reversible Error by Admitting Evidence Under Evidence Code Section 1101, Subdivision (b)*

The burglary conviction involved an incident in which Cooke was found in the home of the Valdez family in the bedroom of the younger daughter, Amy, who was approximately 18 years old at the time. Amy and her older sister, Kelly, approximately 20 years old, returned home, with a friend, from the beach in the late afternoon of April 17, 2012 to find Cooke locked in Amy's bedroom while wearing some items of Amy's clothing. Cooke, who once had worked for Amy's father and had stayed in a vacant apartment of a building owned by the family, left the residence through the backyard, wrapping one of the Valdez's towels around his waist. Amy and Kelly discovered that Amy's belongings had been "rifled through," with items pulled out of drawers and the closet and off of shelves. They found three backpacks, one belonging to Amy, one to the friend and another they did not recognize, filled with some of Amy's underwear, clothing and high-heeled shoes. Three trash bags also were in Amy's room, containing more of her clothing, underwear and high-heeled shoes, as well as her iPad tablet and Kelly's laptop computer. A jar of mayonnaise and hot dogs, of the type the Valdez family generally kept in the refrigerator, were in the room, as well as a dirty tampon, which had been used after it was removed from a box of tampons in the friend's backpack.

In addition to this evidence, the trial court admitted evidence, under Evidence Code section 1101, subdivision (b),[2] through Amy and Kelly's mother and father that on a prior occasion the mother had found in a garage, rented by the family and in which

---

[2]    Evidence Code section 1101, subdivision (b), provides, "Nothing in this section prohibits the admission of evidence that a person committed a crime, civil wrong, or other act when relevant to prove some fact (such as motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or whether a defendant in a prosecution for an unlawful sexual act or attempted unlawful sexual act did not reasonably and in good faith believe that the victim consented) other than his or her disposition to commit such an act."

Cooke had stayed for a period of time, a trash bag containing male clothing that she did not recognize, as well as the mother's cardigan sweater and clothes and shoes belonging to Amy. Cooke contends that the admission of this evidence constituted reversible error.

Even assuming error in admitting the evidence, the admission did not prejudice Cooke, whether harmless error is judged under the state standard for erroneous evidentiary rulings, which we believe applicable here (*People v. Cunningham* (2001) 25 Cal.4th 926, 998-999; *People v. Watson* (1956) 46 Cal.2d 818, 836), or the elevated standard that would be required if, as Cooke contends, admission of the evidence violated his due process rights (*Crane v. Kentucky* (1986) 476 U.S. 683, 690-691; *Chapman v. California* (1967) 386 U.S. 18, 24). An issue of dispute at trial was whether on April 17, 2012 Cooke possessed the intent to commit a theft as he entered either the Valdez home or Amy's bedroom, as required for a burglary conviction. In reaching its guilty verdict on the burglary charge, the jury necessarily concluded that Cooke had that intent. Such a conclusion was reasonably inferred from the evidence that Amy's clothing and shoes and electronic devices belonging to Amy and Kelly had been placed in trash bags in Amy's room where Cooke was found wearing items of Amy's clothing. In addition, backpacks were filled with Amy's clothing and shoes. Given this evidence, the admission of testimony that a cardigan sweater of Amy and Kelly's mother and several items of Amy's clothing were found in a trash bag in a garage once occupied by Cooke would not have tipped the evidence, as Cooke suggests, to enable the jury to find intent with respect to the burglary charge. In other words, if the jury did not believe that Cooke had the intent to commit a theft upon entering the Valdez home or Amy's bedroom on April 17, 2012, then it would not have changed its mind to reach a different result simply because of the items found in the trash bag in the garage, as Cooke's intent in both instances appeared the same. Cooke, therefore, is not entitled to reversal of the judgment based on admission of the Evidence Code section 1101, subdivision (b), evidence.

2.  *Sufficient Evidence Supports the Jury's Finding That Another Person, Other Than an Accomplice, Was Present During the Commission of the Burglary*

In reviewing challenges to the sufficiency of the evidence, we "consider the evidence in a light most favorable to the judgment and presume the existence of every fact the trier could reasonably deduce from the evidence in support of the judgment.  The test is whether substantial evidence supports the decision, not whether the evidence proves guilt beyond a reasonable doubt.  [Citations.]" (*People v. Mincey* (1992) 2 Cal.4th 408, 432, fn. omitted.)  Substantial evidence is that which is "reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Johnson* (1980) 26 Cal.3d 557, 578.)

Cooke contends the evidence is not sufficient to support the jury's finding that another person, other than an accomplice, was present in the Valdez home during the commission of the burglary.  According to Cooke, a conclusion that the Valdez's son, Brandon, was in the home during the commission of the burglary could be based only on speculation, which does not rise to the level of substantial evidence.  We disagree.

With respect to the "another person present" allegation, the trial court instructed the jury under CALCRIM No. 3250, "If you find the defendant guilty of the [burglary] crime charged in Count 1, you must decide whether the People have proved the additional allegation that there was another person present, other than an accomplice, in the residence during the commission of the burglary. [¶] To prove this allegation, the People must prove that: [¶] 1. There was another person present at the time the defendant entered an inhabited dwelling house, or a room within an inhabited dwelling house, with the intent to commit a theft, and [¶] 2. That person was not an accomplice to the commission of the burglary. [¶] It is not necessary that the defendant be aware that there was another person present, other than an accomplice, in order for you to find this allegation to be true. [¶] . . . [¶] . . . [¶] . . . [¶] The People have the burden of proving each allegation beyond a reasonable doubt.  If the People have not met this burden, you must find that the allegation has not been proved."

5

The evidence showed that Amy left the house for the beach with Kelly and her friend around 1:00 p.m. on April 17, 2012. The prosecutor asked, "At the time that you left your house, was there anyone that was still inside when you left?" Amy responded, "Yes, my brother . . . Brandon." Kelly also identified Brandon as being in the house when she, Amy and the friend left for the beach. Amy said Brandon "kind of just stayed in his room by himself, played video games, read books" and acknowledged he was a bit of a recluse. According to Kelly, Brandon did not come out of his room much, staying in the room to play video games and coming out only to eat and use the bathroom. Amy and Kelly both testified that Brandon was in the house three or four hours later when they returned from the beach, as he came out of his room when Amy and Kelly were trying to figure out who was in Amy's room behind a locked door. Based on this evidence, the jury could reasonably infer that Brandon was home when Cooke entered either the home or Amy's room with the intent to commit a theft. As a result, substantial evidence supports the jury's "true" finding on the "another person present" allegation.

3.     *The Abstract of Judgment Is Modified to Reflect a Parole Revocation Fine*

The trial court assessed and then stayed a $200 parole revocation fine. (§ 1202.45.) The parole revocation fine, however, is not reflected in the abstract of judgment. We modify the abstract of judgment to reflect the $200 parole revocation fine assessed by the court. (*People v. Smith* (2001) 24 Cal.4th 849, 854.)

## DISPOSITION

The judgment is modified to reflect the $200 parole revocation fine assessed by the trial court.  As modified, the judgment is affirmed.  The trial court is directed to send a corrected copy of the abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.


ROTHSCHILD, Acting P. J.

We concur:


CHANEY, J.


JOHNSON, J.

7