Filed 7/25/14  P. v. Rankin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C074227 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CM036951, CM037799) |
| v. | |
| LAWSON REED RANKIN III, | |
| Defendant and Appellant. | |

In case No. CM036951, defendant Lawson Reed Rankin III entered a no contest plea to infliction of corporal injury to a spouse and admitted a prior spousal abuse conviction and a prior prison term allegation.  In case No. CM037799, defendant entered a no contest plea to false imprisonment.  The court sentenced defendant to state prison for an aggregate term of five years and imposed various fees and fines including a $280 restitution fine in both cases.

1

Defendant appeals in both cases. He contends ex post facto principles require that the $280 restitution fines be reduced to $240, arguing that the court intended to impose the minimum. We conclude that the issue is forfeited.

In view of defendant's contention, a recitation of the underlying facts in the two cases is not required. Prior to sentencing, the probation officer recommended a restitution fine in the amount of $1,200 in case No. CM036951 and $200 in case No. CM037799. At sentencing, the court imposed the prison sentence and then ordered defendant to pay a restitution fine in the amount of $280 in case No. CM036951. The court inquired of the probation officer, "[S]houldn't it also be two hundred eighty in the other case" and the probation officer responded, "I believe so, Your Honor. I'm not sure, I believe that the two hundred dollars is based on a prior probation order." Without objection, the court then imposed restitution fines and parole revocation restitution fines (parole fines) in the amount of $280 in both cases as well as various other fees.

Defendant contends that ex post facto principles dictate that the restitution fines not exceed the minimum amount ($240) in effect at the time of the offenses. The People respond that defendant has forfeited his claim by failing to object below. We agree with the People.

The $280 amount was within the lawful statutory discretionary range at the time of defendant's offenses in 2012. (Pen. Code, §§ 1202.4, subd. (b) [$240 minimum, $10,000 maximum], 1202.45.) Since the amount was not unauthorized, and since defendant did not object to the amount of the restitution fine and parole revocation fine in the trial court, his belated challenge to the amount of those fines is forfeited. (*People v. Smith* (2001) 24 Cal.4th 849, 852 [claim raised for the first time on appeal regarding the trial court's failure to properly make discretionary sentencing choice is forfeited].)

DISPOSITION

The judgment is affirmed.

      NICHOLSON      , Acting P. J.

We concur:

      MURRAY      , J.

      DUARTE      , J.