Filed 1/22/15  P. v. Jaime Ca2/1

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B252835 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA089412) |
| v. | |
| AQUALINA JAIME, | |
| Defendant and Appellant. | |

---

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Villalobos, Judge.  Modified and affirmed with directions.

Eileen M. Rice, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, and Allison H. Chung, Deputy Attorney General, for Plaintiff and Respondent.

_____

Aqualina Jaime appeals her sentence after a jury convicted Jaime of identity theft, commercial burglary, grand theft, and theft, arguing that remand is required for a new restitution hearing. We order the trial court to correct the judgment to include a restitution offset of $1,388 and otherwise affirm.

In September 2012, in case number GA086307, Jaime withdrew a prior plea of not guilty and pleaded nolo contendere to one count of driving under the influence of alcohol or drugs (Veh. Code, § 23152, subd. (a)), and one count of driving with a blood alcohol level of 0.08 or higher (Veh. Code, § 23152, subd. (b)). She also admitted three prior violations of Vehicle Code sections 23550 and 23550.5, and a prior prison term under Penal Code section 667.5, subdivision (b).[1] The trial court imposed a three-year sentence on each count to run concurrently, suspended the execution of the sentence, and placed Jaime on three years of formal probation. On April 10, 2013, the trial court summarily revoked probation and transferred the matter to be heard with case number GA089412, the case under appeal.

The information in case number GA089412, filed August 1 2013, charged Jaime with 14 felony counts: one count of identity theft (§ 530.5, subd. (a); seven counts of second degree commercial burglary (§ 459); two counts of grand theft (§ 484g, subd. (a)), each further alleging that the value so obtained exceeded $950 in a consecutive six-month period; and four counts of theft (§ 484e, subd. (d)). The information also alleged as to all counts that Jaime had two prior felony convictions under Vehicle Code § 23152, subdivision (b), and had served a prison term for one of the two felony convictions, pursuant to section 667.5, subdivision (b). Jaime pleaded not guilty.

At trial, Tamia Hope testified that she was the cosigner on her mother's Discover card. In January 2013, she learned that a series of unauthorized charges had been made on the card, including large cash withdrawals from Wells Fargo bank. She went to the sheriff and reported the identity theft. A financial fraud investigator for Discover card testified that on January 18, 2013, Jaime's name was added to the account over the

---

[1] Further statutory references are to the Penal Code unless otherwise indicated.

internet, and a replacement card was sent to Jaime via FedEx. Testimony also established that on January 20, 2013, Jaime used the card to make transactions totaling $10,994.25, including a $5,000 cash advance check from Wells Fargo bank; merchandise (including gift cards) purchased from Target stores; merchandise (including gift cards) purchased at a Best Buy store; and merchandise (including gift cards) purchased at a Walmart store. Surveillance video footage showed Jaime making the transactions.

A search of Jaime's residences recovered other items including five mini iPads. A Discover card with the Hopes' account number, gift cards, store receipts, and an envelope containing $1,388 in cash were recovered from Jaime's wallet and car. Money gram receipts were also recovered reflecting money wired to Nigeria, which was common in cases of credit card fraud.

The defense presented no evidence. Jaime waived jury trial on the priors. The jury found Jaime guilty on all counts and found the allegations true.

At sentencing, the court found Jaime guilty of violating her probation in the DUI case and sentenced her to eight months in state prison, to run consecutively with her sentence in this case. The court then found Jaime's two prior convictions to be true.

A field investigator for Discover card testified that Discover paid out $10,994.25 related to the transactions that Jaime made on the card.

The court also struck three of the theft convictions, as Jaime's acquisition of the card could not be the basis of multiple convictions for repeated use of the account information. The court denied probation and imposed a total sentence of six years and eight months.

In addressing restitution, the court asked whether the defense wished to stipulate to the amount. Defense counsel replied that his only concern was that gift cards were recovered, and "I know Discover paid out the $10,000, but it seems like quite a bit of merchandise." The court asked whether Discover received anything back based on the recovery of the cards, and the prosecutor replied: "Discover Card did not receive any proceeds from the sheriff's department. However, there was cash that was recovered from the sheriff's department," and the court could order that cash turned over to

3

Discover card to offset the amount of restitution. The court asked if that would cover the total amount of restitution, and the defense said it would not; the court then asked: "So what do you want to do? Do you want a restitution hearing or what do you want to do?" After a discussion off the record, the court stated: "May it be stipulated that the restitution amount of $10,994.25 will be the amount of restitution. An[d] may it be further stipulated that the amount of $1,188 that was seized from the defendant's residence or person and property may be applied to the restitution payable to Discover card." Defense counsel stated: "Yes, we would like to stipulate," and the prosecutor agreed. The court concluded: "So that will be the amount of restitution payable to Discover card, whatever that amount is if someone has done the math." The court imposed $10,994.25 in restitution, with a $1,188 offset.

Jaime argues that the court should have held a hearing on the amount of restitution to determine whether returning gift cards and merchandise in the sheriff's possession would result in an offset. She forfeited this argument, as she did not request a hearing (as the court offered) and instead stipulated to the restitution amount. By her acquiescence in the stipulated amount, she "forfeited any claim that the order was merely unwarranted by the evidence, as distinct from being unauthorized by statute. [Citation.] As the order for restitution was within the sentencing court's statutory authority, and defendant neither raised an objection to the amount of the order nor requested a hearing to determine it [citation], we do not decide whether the court abused its discretion in determining the amount." (*People v. Brasure* (2008) 42 Cal.4th 1037, 1075.)

We may, however, correct the amount of offset for the cash recovered from Jaime, as the error in the amount did not involve a discretionary sentencing choice. (*People v. Smith* (2001) 24 Cal.4th 849, 853.) Respondent agrees that the correct amount of recovered cash was $1,388 rather than $1,188. The judgment must therefore be modified to reflect a restitution offset of $1,388.

4

## DISPOSITION

The November 6, 2013 sentencing hearing minute order is modified to reflect a restitution offset of $1,388. The superior court is directed to prepare an amended abstract of judgment reflecting this modification and to forward a copy to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

NOT TO BE PUBLISHED.

JOHNSON, J.

We concur:

CHANEY, Acting P. J.

BENDIX, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5