Filed 6/15/16  P. v. Hopper CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>WILLIAM SCOTT HOPPER,<br><br>  Defendant and Appellant. | C079933<br><br>(Super. Ct. No. 14F992) |

Appointed counsel for defendant William Scott Hopper asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Based on our review of the record, we will modify the judgment to increase the amounts of the mandatory court operations assessment and mandatory criminal conviction assessment.  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

I

Officer Amy Cregger was responding to an injury accident with her lights and sirens activated when defendant failed to yield for nearly 500 feet.  As Officer Cregger

1

attempted to pass defendant on the left, he made a left turn directly in front of her. She pulled him over.

Defendant said he was aware of Officer Cregger but thought she was pulling him over, and because he was close to his house he thought he would continue home. Officer Cregger smelled alcohol coming from the car. Defendant's eyes were red and watery, and his speech slow and slurred. Defendant failed a field sobriety test and the breathalyzer samples showed his blood-alcohol concentration to be 0.14 percent and 0.13 percent, respectively. Officer Cregger arrested defendant.

The People charged defendant with driving under the influence within 10 years of a prior felony (Veh. Code, §§ 23152, subd. (a) & 23550.5), driving with a 0.08 blood-alcohol concentration within 10 years of a prior felony (Veh. Code, §§ 23152, subd. (b) & 23550.5), and driving with a suspended license with a prior conviction for driving under the influence (Veh. Code, § 14601.2). The People further alleged defendant served two prior prison terms. (Pen. Code, § 667.5, subd. (b).)

Defendant pleaded no contest to all the charges and admitted the enhancement allegations. The trial court sentenced him to an aggregate term of four years in state prison, awarded four days of presentence credit and ordered him to pay various fines and fees, including a $40 court operations assessment and a $30 criminal conviction assessment. The trial court denied defendant's request for a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Our review of the record discloses that the trial court imposed a mandatory $40 court operations assessment (Pen. Code, § 1465.8) and a mandatory $30 criminal

conviction assessment (Gov. Code, § 70373). But Penal Code section 1465.8, subdivision (a)(1) and Government Code section 70373, subdivision (a)(1) require the trial court to impose those assessment amounts for each conviction. Here, defendant was convicted of three offenses. The failure to impose mandatory assessment amounts constitutes an unlawful sentence and may be modified at any time. (See *People v. Smith* (2001) 24 Cal.4th 849, 853.) We will modify the judgment to impose the required mandatory assessment amounts.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is modified to impose a mandatory $120 court operations assessment (Pen. Code, § 1465.8) and a mandatory $90 criminal conviction assessment (Gov. Code, § 70373). As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and deliver a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


                                          /S/
                                     MAURO, J.


We concur:


     /S/
BLEASE, Acting P. J.


     /S/
NICHOLSON, J.