Filed 2/25/21  P. v. Weil CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B304673 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA148173) |
| v. | |
| DEVANTE WEIL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Affirmed in part and reversed in part.

Alice Tavoukjian, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, Michael Pulos, Supervising Deputy Attorney General, and Britton B. Lacy, Deputy Attorney General, for Plaintiff and Respondent.

_____

Devante Weil and the People agree we should strike a criminal protective order requiring Weil to stay away from Jorge O. We agree and strike the order.

Undesignated statutory citations are to the Penal Code.

I

For about two weeks, Weil was hanging around near a dental clinic and event hall where Jorge worked. Jorge occasionally gave him leftover food from events and once gave him paid work.

On a cold night in February 2019, Jorge allowed Weil to sleep in the lobby of the dental clinic. He told Weil to keep the room clean, to take out the trash, and not to let anyone else inside.

The next day, Jorge arrived at the clinic to find a drug pipe and trash in the lobby and "the place smelled very bad." Weil had let other people inside, and two compressors were missing from the clinic. Jorge asked Weil to leave. Weil refused and became aggressive.

To diffuse the situation, Jorge offered to take Weil to Home Depot with him to buy cleaning supplies to clean up the office. Weil agreed. They left the clinic and Jorge locked the doors behind them. The pair walked to Jorge's truck, but Jorge got in the driver's side and did not unlock the passenger's side door for Weil. When Weil realized Jorge would not open the door for him, he hit the truck and jumped into the truck bed.

Jorge drove to Home Depot with Weil in the truck bed, hoping to run into police on the way. Once they arrived, Weil stayed outside while Jorge bought supplies and hired two day laborers to help clean up the clinic. When Jorge emerged with

the two laborers, Weil started "making a huge show" because Jorge was giving them his work. Weil tried to hit Jorge. Jorge called 911 and told the operator a person was "behaving aggressively towards me." That only made Weil angrier. To calm Weil down, Jorge ended the call and allowed Weil inside the truck, telling him he could come back to the clinic to work.

Back at the clinic, Jorge and the laborers unloaded the supplies and walked into the clinic. Then Jorge quickly locked the doors behind them with Weil outside. Weil banged on the door and kicked it in, breaking the dead bolt and hitting Jorge's arm with the door. Jorge went outside and offered Weil $40 to leave, but Weil said, " 'Fuck the $40. I want 200.' "

An employee at a nearby market saw the confrontation across the street and called Jorge's cell phone. Jorge answered and asked him to call 911, which he did. Jorge didn't call 911 himself because he was afraid Weil would become angrier and "knife" him.

Weil did pull out a knife. He swung it three times at Jorge's stomach and said, " 'I'm going to kill you.' " Jorge tried to protect his stomach and Weil cut his hand, leaving a scar. Jorge tried to get as far away from Weil as he could. Weil continued yelling aggressively and started removing his clothes and throwing them around the street.

Police arrived, detained Weil, and found a folding knife in his pocket.

A jury convicted Weil of assault with a deadly weapon. (§ 245, subd. (a)(1)). In a bifurcated proceeding, Weil admitted he had a prior conviction for a serious or violent felony. (§§ 667, subds. (a)(1) & (d), 1170.12, subd. (b).) The court denied probation and sentenced Weil to six years in prison.

At the sentencing hearing, the prosecutor requested the court issue a protective order for Jorge.  Jorge was not present and did not personally request the order.  Rather, the prosecutor explained Jorge previously had said he was afraid of Weil, who knows where Jorge works.  The court agreed and ordered Weil to stay away from and have no contact with Jorge.

Weil timely appealed.

## II

The sole issue on appeal is the protective order, which both Weil and the People ask us to strike.

The trial court issued the order pursuant to section 136.2, subdivision (i)(1).  That section authorizes trial courts to issue protective orders when a defendant is convicted of a domestic violence crime, certain specific offenses, or a crime requiring registration as a sex offender.  Yet the jury convicted Weil only of assault with a deadly weapon (§ 245, subd. (a)(1)), which does not appear in section 136.2.

Courts have some "inherent judicial authority" to issue orders where the Legislature has not acted.  (See *People v. Ponce* (2009) 173 Cal.App.4th 378, 383–384.)  But the courts should not use inherent authority when the Legislature has created a variety of specific statutory procedures for restraining orders. (*Ibid.*)

Weil did not object to the order at the hearing, but no objection is required when an order is not statutorily authorized. (See *People v. Robertson* (2012) 208 Cal.App.4th 965, 995–996; cf. *People v. Smith* (2001) 24 Cal.4th 849, 854.)

We agree with the parties the order was unauthorized and strike it.  If necessary, Jorge may pursue a restraining order by other means.  (E.g., Code Civ. Proc., § 527.6, subd. (a)(1).)

## DISPOSITION

We strike the protective order and otherwise affirm the judgment.

WILEY, J.

We concur:

GRIMES, Acting P. J.

STRATTON, J.