Filed 8/12/21  P. v. Guzman CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D077892 |
| Plaintiff and Respondent, | |
| v. | (Riverside Super. Ct. No. RIF110891) |
| SAMUEL SAMSON GUZMAN, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of Riverside County, Bernard J. Schwartz, Judge.  Affirmed with directions.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

Ron Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Robin Urbanski and Genevieve Herbert, Deputy Attorneys General, for Plaintiff and Respondent.


In 2005, defendant Samuel Samson Guzman was convicted of second degree murder with a firearm use allegation and sentenced to an

indeterminate aggregate prison term of 40 years to life. Fourteen years later, following a hearing at which he was represented by counsel, the court denied Guzman's petition to recall his sentence pursuant to Penal Code section 1170.91, finding that he was ineligible for relief under the statute.[1] On appeal, Guzman argues he is entitled to have his sentence recalled and be resentenced even if section 1170.91 affords him no conceivable remedy. In *People v. Estrada* (2020) 58 Cal.App.5th 839 (*Estrada*) and more recently in *People v. Stewart* (2021) 66 Cal.App.5th 416 (*Stewart*), courts rejected similar arguments. Finding the reasoning of *Estrada* and *Stewart* persuasive, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2005, a jury convicted Guzman of second degree murder (§§ 187 and 189, subd. (b)) and found true the allegation that he personally discharged a firearm causing death. (§§ 12022.53, subd. (d) and 1192.7, subds. (c)(1) and (8).) The court sentenced him to an indeterminate prison term of 40 years to life, consisting of 15 years to life for the murder and 25 years to life for use of the firearm.[2]

Guzman served in the United States Marine Corps, active duty and Reserves, from 1996 until 2003. While self-represented in 2019, Guzman filed a petition for resentencing under section 1170.91, claiming that he suffered substance abuse and mental health problems as a result of his prior

---

[1]    All statutory references are to the Penal Code.

[2]    To provide background facts and context, we grant Guzman's request for judicial notice of this court's prior opinion in *People v. Guzman* (Apr. 9, 2008, D050461) [nonpub. opn.].

2

military service that should be considered as a factor in mitigation.[3]  If his sentence were recalled and he was resentenced, Guzman made two additional requests, including that the court (1) consider his age at the time of the crime (24 years old) as a mitigating factor, and (2) exercise its discretion under recently enacted Senate Bill No. 620 to strike the firearm use enhancement. (See § 12022.53, subd. (h).)  The court appointed counsel for Guzman and set a hearing on the recall petition.  In a separate motion filed by Guzman on the date of the hearing, he also asked the court to reduce his remaining restitution fine to the $300 statutory minimum based on his inability to pay.

At the hearing, both counsel relied heavily on their written submissions.  The court found that Guzman had made a prima facie showing as to four of the factors required to qualify for recall of his sentence.  But it concluded that Guzman failed to satisfy a fifth requirement—that he could be sentenced to a determinate term pursuant to subdivision (b) of section 1170. In the court's view, its only sentencing option for second degree murder was an *indeterminate* sentence of 15 years to life.[4]  Accordingly, it concluded that Guzman's petition for recall and resentencing had to be denied.

As to the restitution fine, defense counsel modified Guzman's original request as reflected in the motion papers and asked the court to "cut his restitution in half."  Although she had been afforded no opportunity to file a written response, the prosecutor said she was "going to submit."  The court

---

[3]      Guzman asked the court to "consider these circumstances as a factor in mitigation when imposing a sentence of a low, middle, or upper term of incarceration in state prison."  (Underscore omitted.)

[4]      Curiously in light of Guzman's indeterminate sentence, his recall petition argued that "[t]he court must now consider these [military service] circumstances as a factor in mitigation when imposing a sentence of a low, middle, or upper term of incarceration in state prison."  (Underscore omitted.)

3

then reduced the fine as requested by counsel—from the original $10,000 to $5,000—with Guzman receiving credit payments of $2,894 already made from his prison wages and leaving him with a remaining obligation of slightly more than $2,100.

## DISCUSSION

A. *Recall and Resentencing Under Section 1170.91*

Enacted in 2014 and effective January 1 of the following year (Stats. 2014, ch. 163, § 2), subdivision (a) of section 1170.91 requires the court at a criminal sentencing hearing to consider as a mitigating factor trauma, substance abuse, or mental health problems caused by a defendant's military service.[5]  Subdivision (b) was added in 2018, and extends the benefits of the statute to defendants who were sentenced before January 1, 2015.  (Amended Stats. 2018, ch. 523, § 1.)[6]  It created a process that allowed these already-sentenced defendants to petition for a recall of their sentence and, if successful, a new sentencing hearing pursuant to subdivision (a).[7]

---

[5]     Subdivision (a) provides in relevant part:  "If the court concludes that a defendant convicted of a felony offense is, or was, a member of the United States military who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service, the court shall consider the circumstance as a factor in mitigation when imposing a term under subdivision (b) of Section 1170."

[6]     At Guzman's request, we take judicial notice of the Legislative Counsel's Digest accompanying Assembly Bill No. 865 (Stats. 2018, ch. 523).

[7]     Subdivision (b)(1) provides in relevant part:  "A person currently serving a sentence for a felony conviction, whether by trial or plea, who is, or was, a member of the United States military and who may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of his or her military service may petition for a recall of sentence, before the trial court that

4

The statute includes four express requirements to be eligible for recall of a sentence. Two of these requirements mirror criteria that apply to an initial sentencing under subdivision (a). The defendant must (1) be a current or former member of the United States military, who (2) as a result of military service "may be suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems." (§ 1170.91, subd. (b)(1).) In addition, (3) this condition must not have already been considered as a factor in mitigation at the defendant's initial sentencing, and (4) the defendant must have been sentenced prior to January 1, 2015.

In this case, the trial court found that Guzman had made a prima facie showing as to each of these four elements. But, at least impliedly, the statute requires more because the purpose of adding subdivision (b) to section 1170.91 was to extend the benefits of subdivision (a) beyond those defendants sentenced on or after January 1, 2015. In effect, subdivision (b) incorporates the substance of subdivision (a) and makes it retroactive. It permits otherwise eligible defendants who had already been sentenced before subdivision (a) became effective to be resentenced consistent with the newly recognized mitigating circumstances identified in that subdivision. Thus, the scope of subdivision (b) is no broader than subdivision (a).

---

entered the judgment of conviction in his or her case, to request resentencing pursuant to subdivision (a) if the person meets both of the following conditions:

"(A) The circumstance of suffering from sexual trauma, traumatic brain injury, post-traumatic stress disorder, substance abuse, or mental health problems as a result of the person's military service was not considered as a factor in mitigation at the time of sentencing.

"(B) The person was sentenced prior to January 1, 2015."

5

Indeed, subdivision (b)(1) expressly allows eligible defendants to "request resentencing *pursuant to subdivision (a)*." (Italics added.) And by its terms, the mitigating effect of subdivision (a) can only apply if the court is "imposing a term under subdivision (b) of Section 1170." Therein lies the problem for Guzman. A "term under subdivision (b) of Section 1170" is, by definition, a determinate term and not an indeterminate term. Here, Guzman was originally sentenced to an aggregate indeterminate term of 40 years to life and, as the trial court concluded, under no scenario could it impose a determinate term even if he were to be resentenced. Because Guzman was convicted of second degree murder, the court's only available option was to impose an *indeterminate* term under section 1168, subdivision (b). As this court explained in *People v. King* (2020) 52 Cal.App.5th 783 (*King*), subdivision (b) of section 1170.91 "provides for resentencing of military members or veterans suffering from certain mental health and substance abuse problems as a result of military service," but only "*if they were sentenced to a determinate term* prior to January 1, 2015, and the sentencing court did not consider the mental health and substance abuse problems as factors in mitigation." (*King*, at p. 786, italics added.) The statute simply does not apply to Guzman.

The court in *Estrada, supra,* 58 Cal.App.5th 839 came to a similar conclusion, citing *King* and stating succinctly that "section 1170.91 only applies to determinate terms imposed under section 1170, subdivision (b)." (*Estrada*, at p. 843.) It noted that determinate sentences under section 1170 afford the trial court discretion to choose one of three possible prison terms "based on its consideration of mitigating and aggravating factors." (*Ibid.*) But a court imposing an indeterminate term under section 1168 has no similar choice to make. A mitigating factor based on a defendant's military

6

service has no application where the court has no discretion to exercise. Recently in *Stewart, supra,* 66 Cal.App.5th 416, another appellate court relied on *Estrada* in holding that "the only reasonable interpretation" of the language in section 1170.91, subdivision (b) "is that a petitioner is not eligible for relief . . . unless he or she would be resentenced under section 1170, subdivision (b) — i.e., unless the potential penalty for at least one element of the sentence is a determinate triad." (*Stewart*, at p. 423.)

Guzman relies heavily on *People v. Bonilla-Bray* (2020) 49 Cal.App.5th 234 (*Bonilla-Bray*) to argue that subdivision (b) of section 1170.91 "does not limit the class of persons eligible for relief to those who were sentenced to determinate terms." (Italics omitted.) But *Bonilla-Bray* must be understood in the context of the issue before the court in that case—whether the defendant was entitled to a *hearing* on his recall petition. (*Id.* at p. 237.) The defendant there was originally sentenced to a determinate midterm, so the case did not concern the distinction between determinate and indeterminate terms. It is, therefore, hardly surprising that the opinion does not mention a determinate sentence as a necessary predicate for a successful recall petition. In any event, *Bonilla-Bray* in no way suggests that defendants like Guzman whose only possible sentence is an indeterminate term are somehow entitled to recall of their sentence pursuant to section 1170.91, subdivision (b).

B.  *Restitution Fine*

Although Guzman's written motion asked the trial court to reduce the remaining balance on his restitution fine to $300, at the hearing his counsel modified that request, suggesting instead that the original amount of $10,000 be lowered to $5,000 so as to leave an unpaid balance of approximately $2,100. The court agreed. On appeal, Guzman terms his counsel's oral modification "inexplicabl[e]" and renews his request to further reduce the

7

remaining balance on his restitution fine to $300. The Attorney General responds that the trial court had no jurisdiction to consider any modification of the restitution fine, and urges us to reinstate the original amount of $10,000.[8]

The Attorney General is correct. "[G]enerally a trial court lacks jurisdiction to resentence a criminal defendant after execution of sentence has begun." (*People v. Howard* (1997) 16 Cal.4th 1081, 1089.) Modifying an already assessed restitution fine amounts to partially resentencing the defendant. (*People v. Turrin* (2009) 176 Cal.App.4th 1200, 1205–1206 (*Turrin*).) Here, Guzman's original sentence imposed in 2005 included a restitution fine in the amount of $10,000. As in *Turrin*, modification of the fine was sought long after the defendant began serving his prison sentence. Accordingly, the trial court had no jurisdiction to entertain Guzman's modification motion. (*Id.* at p. 1206.) We therefore direct the court to vacate the modification order, restoring the effect of its original judgment imposing a $10,000 restitution fine.

---

[8] In his reply brief, Guzman points out that at the hearing in the trial court, the prosecutor did not object to reduction of the restitution fine. He does not specifically contend that the Attorney General's argument is waived by the prosecutor's failure to object. In any event, "obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings are not waivable." (*People v. Smith* (2001) 24 Cal.4th 849, 852.) The trial court's lack of jurisdiction to resentence the defendant is such an "obvious legal error" that we are bound to correct it notwithstanding the lack of an objection by the prosecutor.

# DISPOSITION

The court's August 14, 2020 order is vacated to the extent it purported to reduce the amount of the restitution fine to $5,000. The clerk of the superior court shall prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation. In all other respects the order is affirmed.

DATO, J.

WE CONCUR:


HALLER, Acting P. J.


O'ROURKE, J.