Opinion
BROWN, J.
Under subdivision (b) of Penal Code section 1202.4,[1] a trial court must impose “a separate and additional restitution fine” as part of the judgment of conviction entered against a criminal defendant, “unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record.” If the “sentence includes a period of parole,” then the court must also impose a parole revocation fine “in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4.” (§ 1202.45.)[2] This second fine, however, is automatically suspended unless the court later revokes parole. (Ibid.)
Despite these statutory mandates, trial courts, at times, omit these fines from the judgment of conviction. In many of these cases, the People have asked the Court of Appeal to impose the fines even though it did not object at sentencing. We recently held that appellate courts may not correct these errors if the trial court failed to state a reason for its failure to impose a restitution and parole revocation fine, and the People failed to object below. (People v. Tillman (2000) 22 Cal.4th 300, 303 [92 Cal.Rptr.2d 741, 992 P.2d 1109] (Tillman).) We now address an issue left unresolved by Tillman: Where the trial court imposes a restitution fine but omits or imposes *852 an erroneous parole revocation fine, may appellate courts correct this error even though the People failed to object at sentencing?[3] Here, the trial court imposed a $5,000 restitution fine, but only imposed and suspended a $200 parole revocation fine in violation of section 1202.45. Distinguishing Tillman, the Court of Appeal found the erroneous imposition of a parole revocation fine correctable despite the People’s failure to object. We agree.
As a general rule, only “claims properly raised and preserved by the parties are reviewable on appeal.” (People v. Scott (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040] (Scott).) We adopted this waiver rule “to reduce the number of errors committed in the first instance” (id. at p. 353), and “the number of costly appeals brought on that basis” (People v. Welch (1993) 5 Cal.4th 228, 235 [19 Cal.Rptr.2d 520, 851 P.2d 802] (Welch)). In the sentencing context, we have applied the rule to claims of error asserted by both the People and the defendant. (Tillman, supra, 22 Cal.4th at p. 303.) Thus, all “claims involving the trial court’s failure to properly make or articulate its discretionary sentencing choices” raised for the first time on appeal are not subject to review. (Scott, supra, 9 Cal.4th at p. 353 [refusing to correct defects in the trial court’s statement of reasons for its discretionary sentencing choices]; see also Welch, supra, 5 Cal.4th at p. 236 [“[t]raditional objection and waiver principles encourage development of the record and a proper exercise of discretion in the trial court”].)
We have, however, created a narrow exception to the waiver rule for “ ‘unauthorized sentences’ or sentences entered in ‘excess of jurisdiction.’ ” (Welch, supra, 5 Cal.4th at p. 235.) Because these sentences “could not lawfully be imposed under any circumstance in the particular case” (Scott, supra, 9 Cal.4th at p. 354), they are reviewable “regardless of whether an objection or argument was raised in the trial and/or reviewing court.” (Welch, supra, 5 Cal.4th at p. 235.) We deemed appellate intervention appropriate in these cases because the errors presented “pure questions of law” (ibid.), and were “ ‘clear and correctable’ independent of any factual issues presented by the record at sentencing.” (Scott, supra, 9 Cal.4th at p. 354.) In other words, obvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings are not waivable.
In Tillman, we applied the waiver rule to a case in which the trial court failed to articulate a reason for its omission of the restitution and parole revocation fines. Because the People failed to object at sentencing, we *853 barred the Court of Appeal from correcting the judgment by adding the minimum restitution and parole revocation fines. (Tillman, supra, 22 Cal.4th at p. 303.) We found the waiver rule applicable because the imposition of a restitution fine under section 1202.4 was “a discretionary sentencing choice . . . .” (Tillman, supra, 22 Cal.4th at p. 303.) In doing so, we implicitly recognized that the erroneous omission of a restitution fine was not correctable without considering factual issues presented by the record or remanding for additional findings. (See Scott, supra, 9 Cal.4th at p. 353 [limited exception to the waiver rule for sentencing errors that are correctable independent of the factual issues in the record].) By waiving any objection to the restitution fine, the People also effectively waived any objection to the parole revocation fine, because the parole revocation fine had to match the restitution fine as a matter of law. (See § 1202.45.)
After considering Tillman and our other waiver cases in the sentencing context, we conclude that the Court of Appeal may correct the erroneous amount of the parole revocation fine in this case. Unlike Tillman, where the trial court failed to articulate a discretionary sentencing choice— the imposition of a restitution fine—the trial court in this case properly imposed a $5,000 restitution fine. (See § 1202.4.) It erred only when it imposed a parole revocation fine in an amount different from the amount of the restitution fine. (See § 1202.45.) In contrast to the erroneous omission of a restitution fine, this error did not involve a discretionary sentencing choice. (See Tillman, supra, 22 Cal.4th at p. 303.) Under section 1202.45, a trial court has no choice and must impose a parole revocation fine equal to the restitution fine whenever the “sentence includes a period of parole.” Because the erroneous imposition of a parole revocation fine presents a pure question of law with only one answer, any such error is obvious and correctable without reference to any factual issues in the record or remanding for further findings. Accordingly, an invalid parole revocation fine falls within the narrow class of sentencing errors exempt from the waiver rule. (See Scott, supra, 9 Cal.4th at p. 354; Welch, supra, 5 Cal.4th at pp. 235-236.)
Defendants counter that the trial court could have imposed a $200 parole revocation fine if it had imposed a $200 restitution fine. Thus, the error is not exempt from the waiver rule because the $200 parole revocation fine could have been lawfully imposed in this case. (See Scott, supra, 9 Cal.4th at p. 354.) Defendants further speculate that the trial court would have imposed a lesser restitution fine if it had realized that the parole revocation fine must equal the restitution fine. Defendants, however, do not challenge the propriety of the $5,000 restitution fine imposed by the trial court. Given that the restitution fine was proper and unchallenged, the $200 parole revocation fine could never be lawfully imposed in this “particular case.” (Ibid.)
*854 Finally, defendants’ invocation of principles of judicial economy is unavailing. A timely objection to a sentencing error always reduces the likelihood of error and the unnecessary waste of judicial resources. We have, however, determined that certain errors are so obvious and so easily fixable that correction of these errors in the absence of an objection at sentencing will not unduly burden the courts or the parties. (See Scott, supra, 9 Cal.4th at p. 354; Welch, supra, 5 Cal.4th at pp. 235-236.) The trial court’s erroneous imposition of a $200 parole revocation fine is one of these errors. Accordingly, we hold that the Court of Appeal may correct this error without remanding for further proceedings in the presence of defendants. (Cf. People v. Fuhrman (1997) 16 Cal.4th 930, 946 [67 Cal.Rptr.2d 1, 941 P.2d 1189] [refusing to remand for a new sentencing hearing in the interests of judicial economy wliere no “realistic possibility” of relief appears to exist].) In doing so, we agree with the published decisions of those Courts of Appeal that have addressed this issue. (See, e.g., People v. Rodriguez (2000) 80 Cal.App.4th 372, 378 [95 Cal.Rptr.2d 299]; People v. Terrell (1999) 69 Cal.App.4th 1246, 1255-1256 [82 Cal.Rptr.2d 231]; People v. Hong (1998) 64 Cal.App.4th 1071, 1084 [76 Cal.Rptr.2d 23].)
Disposition
We affirm the judgment of the Court of Appeal.
George, C. J., Kennard, J., Baxter, J., Werdegar, J., apd Chin, J., concurred.

All further statutory references are to the Penal Code. Subdivision (b) of section 1202.4 states in relevant part: “In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record.”

Section 1202.45 states in full: “In every case where a person is convicted of a crime and whose sentence includes a period of parole, the court shall at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4. This additional restitution fine shall be suspended unless the person’s parole is revoked.”

Although defendants raised a number of issues in their petition for review, we limited review to this sentencing issue.