Filed 5/14/13  P. v. Brown CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>JONATHAN DAVID BROWN,<br><br>        Defendant and Appellant. | F064102<br><br>(Super. Ct. No. MCR041837)<br><br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Madera County.  Joseph A. Soldani, Judge.

Carol Foster, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

*        Before Kane, Acting P.J., Poochigian, J. and Peña, J.

The only issue in this case is whether the trial court committed reversible error in imposing, without objection by defendant, a fine under Penal Code section 368, subdivision (b)(1). (All further section references are to this code.) We conclude defendant forfeited this issue by failing to object in the lower court. As a result, we affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

On August 10, 2011, defendant and appellant Jonathan David Brown knocked his 82-year-old grandmother to the floor, breaking her hip. A jury found defendant guilty of one count of violation of section 368, subdivision (b)(1), elder abuse likely to cause great bodily harm. In a separate trial to the court sitting without a jury, the court found true four prior prison term enhancement allegations. (§ 667.5, subd. (b).) After reviewing the presentence report, the court sentenced defendant to the upper term of four years in prison, together with an additional four years on the prior prison term allegations. In addition, the court imposed various fines and penalties including, as relevant to this appeal, a base fine of $200 pursuant to section 368, subdivision (b)(1), with associated penalties and assessments under the Penal, Government, and Health and Safety Codes of $630. The section 368, subdivision (b)(1), fine was specified in the probation officer's report. Defendant did not object to the fine at the sentencing hearing.

## DISCUSSION

Defendant's sole contention on appeal is that a fine under section 368, subdivision (b)(1), is not authorized when a defendant is sentenced to state prison.[1] Defendant forfeited this issue by failing to raise the issue in the trial court. (*People v. Welch* (1993) 5 Cal.4th 228, 234.) "As a general rule, only 'claims properly raised and

---

[1] In relevant part, section 368, subdivision (b)(1), states that violation of the subdivision "is punishable by imprisonment in a county jail not exceeding one year, or by a fine not to exceed six thousand dollars ($6,000), or by both that fine and imprisonment, or by imprisonment in the state prison for two, three, or four years."

preserved by the parties are reviewable on appeal.' [Citation.]… [A]ll 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' raised for the first time on appeal are not subject to review." (*People v. Smith* (2001) 24 Cal.4th 849, 852.)  In this case, the court exercised its discretion to impose a fine of $200, and the court identified section 368, subdivision (b)(1), as the authority for its sentencing choice.  Even if defendant were correct that a fine is unavailable under section 368, subdivision (b)(1), when a defendant is sentenced to prison, that exclusion would automatically invoke the sentencing authority of section 672, authorizing a fine of up to $10,000 where no fine is otherwise prescribed for the felony conviction.  As a result, the court was not without fundamental jurisdiction to impose the fine (see *People v. Smith, supra,* 24 Cal.4th at p. 853), and the court's erroneous citation to section 368, subdivision (b)(1), could easily have been corrected if defendant had made a timely objection in the lower court.  (See *People v. Scott* (1994) 9 Cal.4th 331, 354-355.)

## DISPOSITION

The judgment is affirmed.