Filed 1/22/14  P. v. Waring CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B247765 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA030739) |
| v. | |
| DANNY RAY WARING, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. David B. Gelfound, Judge.  Affirmed as modified.

Law Offices of James Koester and James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle, and Kimberley J. Baker-Guillemet, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

The only issue in this case is whether a parole revocation fine (Pen. Code, § 1202.45),[1] which was imposed on appellant after the trial court sentenced him to life without the possibility of parole, was unauthorized. For reasons that follow, we have determined that it was. Accordingly, we strike the parole revocation fine and otherwise affirm.

## PROCEEDINGS BELOW[2]

In February 2002, in Los Angeles Superior Court case number PA032653, appellant was convicted by jury of two counts of first degree murder (§ 187, subd. (a)), and a firearm use enhancement (§ 12022.5, subd. (d)). The trial court sentenced appellant to two consecutive terms of life without the possibility of parole for the murders, plus 25 years to life for the firearm enhancement. Appellant was also found to be in violation of probation in Los Angeles Superior Court case number PA030739 and was sentenced to an aggregate term of six years, six months. As to both cases, appellant was ordered to pay a parole revocation fine pursuant to section 1202.45 and a restitution fine pursuant to section 1202.4, subdivision (b).[3]

On December 4, 2003, this Court affirmed appellant's convictions in case number B157656. Appellant did not raise the issue of the legality of the parole revocation fine at that time.

On February 26, 2013, appellant filed a pro. per. motion to strike or modify the court ordered restitution, fees or fines that had been imposed in both case numbers PA030739 and PA032653. On February 27, 2013, the motion was denied.

---

[1]    All further statutory references are to the Penal Code unless otherwise stated.

[2]    Given the nature of this appeal it is not necessary to set forth a detailed description of the underlying facts of this case.

[3]    In case number PA030739, the trial court imposed a restitution fine in the amount of $800, and a parole revocation fine of $800; in case number PA032653, the trial court imposed a restitution fine in the amount of $10,000, and a parole revocation fine of $10,000.

Appellant appeals from the trial court's denial of his motion to strike or modify the court ordered restitution fees imposed in case numbers PA030739 and PA032653.

## DISCUSSION

**The Parole Revocation Fine Must Be Stricken**

The trial court imposed a $10,000 parole revocation fine in case number PA032653, which was stayed pending successful completion of parole.[4] The People concede, and we agree, that because appellant was sentenced to life terms without the possibility of parole, no parole revocation fine could be imposed. (*People v. Petznick* (2003) 114 Cal.App.4th 663, 687.) Unauthorized sentences are not subject to the rule of forfeiture. (*People v. Smith* (2001) 24 Cal.4th 849, 852.) Accordingly, that portion of the court's judgment imposing a parole revocation fine shall be stricken.

---

[4] At the time of appellant's sentencing in 2002, section 1202.45 provided: "In every case where a person is convicted of a crime and whose sentence includes a period of parole, the court shall at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4. This additional restitution fine shall be suspended unless the person's parole is revoked."

## DISPOSITION

The judgment in case number PA032653 is modified as follows: The parole revocation fine of $10,000 is stricken. The trial court is directed to amend the abstract of judgment to reflect this modification and to forward certified copies of the amended abstracts to the Department of Corrections and Rehabilitation. (Pen. Code, §§ 1213, 1216.) The judgment is affirmed as modified.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J. *

FERNS

We concur:



_____, P. J.

BOREN



_____, J.

ASHMANN-GERST

---

\*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4