Filed 5/6/16  P. v. Moreno CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063154 |
| v. | (Super.Ct.No. RIF1203908) |
| SOTERO ALVIZO MORENO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John M. Davis, Judge. Affirmed.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Sabrina Y. Lane-Erwin, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury found defendant and appellant Sotero Alvizo Moreno, guilty of (1) driving under the influence of alcohol, a misdemeanor (Veh. Code, § 23152, subd. (a)); (2) driving with a blood-alcohol level of 0.08 percent or more, a misdemeanor (Veh. Code, § 23152, subd. (b)); and (3) driving without a valid driver's license (Veh. Code, § 12500). As to the two alcohol-related offenses, the jury also found true the allegations that defendant had a blood-alcohol level of 0.15 percent or more. (Veh. Code, § 23578.) The trial court granted defendant summary probation for a period of 36 months with the condition that he serve 60 days in the work release program.

Defendant raises two issues on appeal. First, defendant contends the trial court failed to exercise its discretion in imposing two restitution fines for $150 each. (Pen. Code, §§ 1202.4, 1202.44.) Second, defendant contends the trial court erred by imposing a $50 administrative account processing fee. (Pen. Code, § 1205.) The People concede defendant's second contention is correct. We affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY

On August 13, 2012, at approximately 11:26 p.m., defendant crashed his car into the rear end of a truck that was stopped in the roadway. Riverside County Sheriff's Deputy Bramlett was dispatched to the collision site. Defendant identified himself with an expired driver's license. Defendant told the deputy he (defendant) had been distracted by talking to his passenger, Jesus Violante, and when he looked up, he saw the truck and collided with it. Violante said he and defendant were coming from a bar where defendant consumed five beers. Violante was injured in the collision; he was bleeding from his forehead and knees.

2

Defendant had red, watery eyes and slurred his speech. Defendant initially denied having consumed alcohol. Defendant then said he had one beer, and later said he had two beers two hours earlier. A preliminary alcohol screening test was conducted. Defendant had a blood-alcohol level of .177 percent. Later, at the Sheriff's station, breathalyzer tests reflected defendant's blood-alcohol level was .16 at 1:05 a.m. and .15 at 1:10 a.m. A California Department of Justice criminalist calculated that a person of defendant's size would have to drink 7.8 beers (12 ounces at 4.5 percent alcohol) to have a blood-alcohol level of .177.

As set forth *ante*, a jury found defendant guilty of driving under the influence (DUI) (Veh. Code, § 23152, subds. (a) & (b)) and driving without a valid license (Veh. Code, § 12500). The jury returned its verdicts on March 4, 2015. After the jury left the courtroom, the trial court questioned whether defendant should be taken into custody. The trial court explained that normally, for a first time driving under the influence conviction, the court would "put off sentencing and have him come back," but in this case "there are aggravating circumstances," because there was a collision, injuries, a high blood-alcohol level, and defendant's lies to the deputy. The court ordered defendant to return in 30 days for sentencing, and to wear a SCRAM (alcohol monitoring) bracelet until the sentencing hearing. Defendant was ordered to return to court within four business days to establish he was wearing the SCRAM device.

On March 10, defendant returned to court. Defendant did not obtain a SCRAM device because he was unable to afford the cost of it. Defendant requested to be sentenced immediately. The trial court explained that it could not sentence defendant

3

when it had no information about him, e.g., no probation report. The defense relied on defendant's lack of criminal history. The prosecution relied on the aggravating factors of this crime—the collision, the injuries, the high blood-alcohol level, and defendant's lies. The prosecutor requested three years of summary probation with 75 days of work release.

The prosecutor said, "[T]he fine for a first time DUI is $1703, AB 541, I believe is required because of the BAC is a required course work, restitution to be determined, given the accident." The court asked, "And everything else would be just other standard— [¶] . . . [¶] . . .—first DUI terms? [¶] . . .—which the two of you would write out?" The prosecutor replied, "Yes." The court took a recess.

When the case was recalled, the court had a "sentencing memorandum" that defendant had signed. Two forms were filed on March 10: (1) a misdemeanor plea form, which had defendant's initials next to various items, as well as his signature, and reflected in a handwritten note that defendant was found guilty by a jury; and (2) a sentencing memorandum form with various boxes checked and defendant's signature at the end of the form.

On the plea form, defendant initialed next to the preprinted line that read, "I will be ordered to pay a restitution fine of at least $150 and not more than $1000." On the sentencing memorandum, there was a line that read, "Pay restitution fine of $_____(PC § 1202.4(b))." The handwritten amount on the blank line was 150. The box next to that line was checked. Also on the sentencing memorandum, there was a line that read, "Pay probation revocation restitution fine of $_____(PC § 1202.44).

4

Stayed pending completion of Probation." The handwritten amount on the blank line was 150. The box next to that line was checked. Defendant signed the plea form and the sentencing memorandum.

The court sentenced defendant to three years of summary probation with the conditions that he serve 60 days in the work release program and, before March 10, 2016, attend 44 Alcoholics Anonymous meetings. The court said, "And the other terms and conditions are self-explanatory." Defendant said he understood and accepted the terms. The minute order reflected the court imposed a $150 restitution fine (Pen. Code, § 1202.4, subd. (b))[1] and a $150 probation revocation fine (§ 1202.44).

## DISCUSSION

### A.   RESTITUTION FINE

Defendant contends the trial court intended to impose the standard first DUI terms, which would include minimum fines. Defendant asserts the minimum restitution fine in 2012 was $120. The minimum restitution fine in 2015 was $150. (§ 1202.4, subd. (b).) Defendant asserts the trial court, if it had exercised its informed discretion, would have imposed a $120 restitution fine. The People contend defendant waived this issue for appeal by (1) not objecting to the fine in the trial court, and (2) agreeing to the fine in the trial court.

"[A]ll 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' raised for the first time on appeal are not subject to

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

5

review." (*People v. Smith* (2001) 24 Cal.4th 849, 852.) Section 1202.4, subdivision (b) provides, in relevant part, "If the person is convicted of a misdemeanor, the fine shall not be less than one hundred twenty dollars ($120) starting on January 1, 2012, one hundred forty dollars ($140) starting on January 1, 2013, and one hundred fifty dollars ($150) starting on January 1, 2014, and not more than one thousand dollars ($1,000)."

The trial court had discretion to impose a fine up to $1,000. (§ 1202.4, subd. (b).) Thus, the amount of the fine is a discretionary sentencing decision, and defendant did not object to the amount of the fine in the trial court. Rather, defendant signed forms agreeing to the amount of the fine and said he accepted the terms. Given defendant's lack of objection and his agreement to the amount of the fine, we conclude defendant waived this issue for appellate review.

Moreover, the restitution fine is to be "set at the discretion of the court and commensurate with the seriousness of the offense." (§ 1202.4, subd. (b)(1).) The trial court noted there were aggravating factors associated with this offense, such as the collision, injuries, and defendant's lies. Accordingly, there is reasoning and a factual basis supporting the imposition of a $150 fine because the trial court concluded the offense was more serious than a simple DUI.

B.     ADMINISTRATIVE PROCESSING FEE

1.     *PROCEDURAL HISTORY*

On the preprinted sentencing memorandum form, there is a line that reads, "Any fine/fee not paid in full by _____ will be subject to a $50 administrative fee (PC § 1205(d))." The date "3/10/15" was handwritten in on the blank line. The box next to

the line was checked.  The minute order from the sentencing hearing reads, "Any fine/fee not paid in full by 3/10/2015 will be subject to a $50.00 administrative fee."

      2.     *ANALYSIS*

Defendant contends the trial court erred by imposing the $50 administrative fee because the court was limited to imposing a $30 fee (§ 1205, subd. (e)).  The People concede defendant is correct.  We disagree.

Former section 1205, subdivision (e) provided, in relevant part, "The defendant shall pay to the clerk of the court or the collecting agency a fee for the processing of installment accounts.  This fee shall equal the administrative and clerical costs, as determined by the board of supervisors, or by the court, depending on which entity administers the account.  The defendant shall pay to the clerk of the court or the collecting agency the fee established for the processing of the accounts receivable that are not to be paid in installments.  The fee shall equal the administrative and clerical costs, as determined by the board of supervisors, or by the court, depending on which entity administers the account, except that the fee shall not exceed thirty dollars ($30)."

We apply the de novo standard of review because we are interpreting a statute. We begin our analysis by looking at the statute's plain language.  (*People v. Whaley* (2008) 160 Cal.App.4th 779, 792.)  The statute provides that if a defendant does *not* pay in installments, i.e., the defendant pays his fines and fees in a single payment, then the administrative fee shall be set by the agency that administers the account, but shall not exceed $30.  If a defendant pays in installments, there is no maximum administrative fee

7

amount set in the statute.  The statute reflects only that the amount shall be determined by the entity that administers the account.  (§ 1205, subd. (e).)

The court's order reflects that if defendant does *not* pay his fines "in full" on the day of sentencing, then the amount of the administrative fee would be $50.  The Riverside County Superior Court fee schedule reflects that the establishment of an installment account for a misdemeanor, under section 1205, is $50.[2]  The $30 maximum fee only applies when a defendant pays all his fines and fees in a single payment; it does not apply when a defendant pays in installments.  So the trial court's order that defendant pay a $50 fee unless he paid "in full" on the day of sentencing is appropriate.  The trial court did not err.

Defendant asserts, under section 1205, subdivision (e), if he paid his fines and fees in a single lump sum payment at any point during the three-year probation period, then he should not be subject to the $50 fee.  In other words, defendant is taking issue with the lump sum payment having to be made on the date of sentencing.  As set forth *ante*, defendant agreed to the fines and fees imposed by the court.  In particular, defendant agreed that his fees were due forthwith, on the day of sentencing, by agreeing that if he did not pay "in full" on the day of sentencing that he would have to pay a fee of $50 for creating an installment account.  Defendant cannot now complain of the due

---

[2]  We take judicial notice of the Superior Court of California, County of Riverside Fee Schedule for Non-Civil Fees effective January 1, 2014, as well as the version effective October 10, 2015.  (Evid. Code, § 452, subd. (c).)

date.  (*People v. Smith*, *supra*, 24 Cal.4th at p. 852 [failure to object below waives the issue on appeal].)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


MILLER
Acting P. J.


We concur:


CODRINGTON
J.


SLOUGH
J.


9