Filed 12/10/21  P. v. Hernandez CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE, | C093191 |
| Plaintiff and Respondent, | (Super. Ct. No. CH037540) |
| v. | |
| JOSE GUILLERMO HERNANDEZ, | |
| Defendant and Appellant. | |

Already serving a sentence for a different offense, defendant Jose Guillermo Hernandez entered a negotiated plea in this matter and was convicted of assault with a deadly weapon while inflicting great bodily injury.  Defendant now claims the trial court erred by refusing to conduct an evidentiary hearing on his ability to pay the imposed restitution fine.  We disagree.  We have, however, discovered mandatory fees that must be imposed.  As modified, we affirm the judgment.

1

## FACTS AND HISTORY OF THE PROCEEDINGS

Defendant pleaded guilty to assault with a deadly weapon while confined in a penal institution (Pen. Code, § 4501, subd. (a); unspecified statutory section citations that follow are to the Penal Code), and admitted he personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)). Defendant also admitted he suffered a prior strike conviction (§ 667, subds. (b)-(i)). Defendant was sentenced to a prison term of seven years. The trial court also imposed a $300 restitution fine under section 1202.4.

At sentencing, defendant objected to the imposition of the fine, arguing he did not have the ability to pay the fine. The trial court asked whether defendant wished to have a hearing, with the understanding it would be his burden to prove his inability to pay. Defendant did not agree it was his burden but provided an offer of proof that he has no income, no ability to receive an income, and was still in debt from outstanding fines from his previous conviction. The People accepted the offer of proof. The trial court found that the $300 restitution fine was mandatory. The court noted that it was without sufficient information as to defendant's ability to pay but also noted no information was presented to contradict the possibility that he would be able to earn an income in prison or receive outside funds. Given the sentence, the court found, defendant would have sufficient time in which to gain employment in prison.

The trial court sentenced defendant to the lower term, doubled to four years due to the prior strike, and an additional three years for the bodily injury enhancement. The court also imposed the $300 fine under section 1202.4.

Defendant appealed.

## DISCUSSION

Relying primarily on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant argues the trial court abused its discretion in failing to hold an evidentiary hearing on his ability to pay the fine. Specifically, defendant argues when the

2

prosecution accepted defendant's offer of proof as to his indigency and the trial court admitted there was insufficient information as to whether defendant had the ability to pay the fines, a hearing was required. Defendant also contends the trial court's reliance on the speculative possibility that he might obtain work in prison does not satisfy constitutional concerns. Defendant's argument hinges on the presumption that he was entitled to such a hearing and his offer of proof was sufficient to trigger that right. We disagree.

Restitution fines are set at the discretion of the court in an amount commensurate with the seriousness of the offense and within a range set by the statute. (See § 1202.4, subd. (b).) Under section 1202.4, a defendant's inability to pay may be considered only in increasing the amount of the restitution fine in excess of the minimum fine pursuant to subdivision (b)(1). (§ 1202.4, subd. (c).) To avoid an interpretation of the statute that would raise constitutional questions, *Dueñas* determined a trial court must hold an ability to pay hearing before executing the stayed imposition of a restitution fine. (*Dueñas, supra*, 30 Cal.App.5th at p. 1172.) We are not persuaded that analysis is correct. Our Supreme Court is now poised to resolve this question, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court operations assessments under Penal Code section 1465.8 and Government Code section 70373, but found that the same did not apply for restitution fines under Penal Code section 1202.4. (*Kopp, supra*, 38 Cal.App.5th at pp. 95-96, rev. granted.)

In the meantime, we join those authorities that have concluded that the principles of due process do not supply a procedure for objecting to the fines and assessments at issue in *Dueñas* and in this proceeding based on the present ability to pay. (See *People v. Pack-Ramirez* (2020) 56 Cal.App.5th 851, 860; *People v. Cota* (2020) 45 Cal.App.5th

3

786, 795; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279-281; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1067-1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 924-929.)  Having done so, we reject defendant's claim that the trial court's failure to grant an evidentiary hearing prior to imposing the mandatory minimum restitution fine was an abuse of discretion.

Additionally, although not raised by either party, we note sentencing errors which require correction.  The trial court failed to impose a mandatory court operations assessment of $40 (§ 1465.8) and a mandatory criminal conviction assessment of $30 (Gov. Code, § 70373).  The failure to impose mandatory assessment amounts constitutes an unlawful sentence and may be modified at any time.  (See *People v. Smith* (2001) 24 Cal.4th 849, 853.)  Finally, the two-year term listed in the enhancement portion of the abstract of judgment appears to be written in error as it does not correspond to any sentencing provision or oral imposition of sentence.  We will modify the judgment to impose the required mandatory assessment amounts and order the removal of the unassigned two-year term.

## DISPOSITION

The judgment is modified to impose a mandatory $40 court operations assessment (§ 1465.8) and a mandatory $30 criminal conviction assessment (Gov. Code, § 70373).  The trial court is directed to prepare an amended abstract of judgment consistent with the above, with the removal of the two-year term in box three and to deliver a certified copy

4

of the amended abstract to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.


                                               _____

                                               HULL, Acting P. J.


We concur:


_____

RENNER, J.


_____

KRAUSE, J.