Filed 12/20/24  P. v. Lopez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098643 |
| Plaintiff and Respondent, | (Super. Ct. No. 19FE019315) |
| v. | |
| RUBEN LOPEZ, | |
| Defendant and Appellant. | |

A jury found defendant Ruben Lopez guilty of 23 sexual offenses against two girls.  The trial court imposed the upper term for 15 of the offenses and sentenced Lopez to 167 years to life in prison.  On appeal, Lopez challenges the court's selection of the upper term, contending that the court relied on inapplicable aggravating factors, failed to enumerate and explain its analysis of mitigating circumstances, and made improper dual use of facts.  We conclude that Lopez forfeited these claims by failing to raise them in the trial court.  We therefore affirm the judgment.

1

BACKGROUND

The jury found Lopez guilty of one count of rape of a child under 14 (Pen. Code, § 269, subd. (a)(1)); nine counts of lewd or lascivious acts upon a child under 14 by force or fear (§ 288, subd. (b)(1)); eight counts of lewd or lascivious acts upon a child under 14 (§ 288, subd. (a)); and five counts of forcible rape (§ 261, subd. (a)(2)).[1]  For each offense, the jury found true four aggravating circumstances:  (1) the victim was particularly vulnerable (Cal. Rules of Court, rule 4.421(a)(3)); (2) Lopez took advantage of a position of trust or confidence to commit the offense (rule 4.421(a)(11)); (3) Lopez engaged in violent conduct that indicates a serious danger to society (rule 4.421(b)(1)); and (4) Lopez committed a sexual assault offense against more than one victim (§ 1203.066, subd. (a)(7)).[2]

At sentencing, Lopez asked the trial court to consider three mitigating factors: (1) his early admission of wrongdoing—an early confession that he recanted at trial; (2) his poor health; and (3) his low risk of reoffending as determined by a probation department risk assessment.  Based on these mitigating factors, Lopez urged the court not to impose consecutive sentences.

The trial court sentenced Lopez to 15 years to life in prison for rape of a child (§ 269, subd. (a)(1)).  The court selected the upper term of eight years in prison for the first count of lewd or lascivious acts upon a child under 14 (§ 288, subd. (a)), plus consecutive two-year sentences (one-third the middle term) for the other seven similar counts.  The court imposed full consecutive upper term sentences of 10 years in prison for nine counts of lewd or lascivious acts upon a child under 14 by force or fear (§ 288, subd. (b)(1)) and full consecutive upper term sentences of eight years in prison for five

---

[1]  Undesignated statutory references are to the Penal Code.

[2]  Undesignated rule references are to the California Rules of Court.

counts of forcible rape (§ 261, subd. (a)(2)). The aggregate sentence totaled 167 years to life in prison.

The trial court explained that it selected upper term sentences based on three aggravating circumstances from rule 4.421 found true by the jury for each offense, which the court found "easily outweigh[ed]" the mitigating factors described in the probation officer's report and raised by Lopez at the hearing. The court also found that any one of the three aggravating circumstances was sufficient by itself to justify imposing the upper term. The court then explained that it imposed consecutive sentences for each offense because the offenses involved separate acts of violence or threats of violence and were committed at different times or in separate places (rule 4.425(a)(2), (3)).

Although section 667.6, subdivision (d) required the trial court to impose a full, separate, and consecutive prison term for each count of lewd or lascivious acts upon a child under 14 by force or fear and each count of forcible rape "if the crimes involve[d] separate victims or involve[d] the same victim on separate occasions," the court noted that a then-published Court of Appeal decision had concluded that section 667.6, subdivision (d) violated the Sixth Amendment right to a jury trial.[3] Accordingly, the court exercised its discretion to sentence Lopez to full consecutive terms pursuant to section 667.6, subdivision (c).

Lopez did not object to the imposition of upper term sentences, did not contend that the aggravating circumstances used to impose the upper term made dual use of facts that were elements of the offenses, and did not assert that the trial court failed to sufficiently explain its consideration of mitigating factors.

---

[3] The trial court relied on *People v. Johnson* (Feb. 21, 2023, A162599) opinion ordered nonpublished August 30, 2023, S279198. Soon after Lopez's sentencing, our state Supreme Court decided *People v. Catarino* (2023) 14 Cal.5th 748, in which it disagreed with *People v. Johnson* and held that section 667.6, subdivision (d) does not violate the Sixth Amendment. (*People v. Catarino*, *supra*, at p. 757.)

Lopez timely appealed from the judgment.

DISCUSSION

On appeal, Lopez contends that the trial court abused its sentencing discretion by relying on improper aggravating factors that are inapplicable to the facts of this case. He also argues that the court failed to enumerate and explain its analysis of mitigating factors and erroneously used facts that were elements of the crime to support the imposition of upper term sentences. The People maintain that Lopez forfeited these arguments by failing to raise them at the sentencing hearing and that his contentions lack merit in any event. Lopez does not respond to the People's forfeiture argument.

We conclude that Lopez forfeited his contentions by failing to bring them to the attention of the trial court at sentencing when the court could have addressed his concerns. "As a general rule, only 'claims properly raised and preserved by the parties are reviewable on appeal.' " (*People v. Smith* (2001) 24 Cal.4th 849, 852; accord *People v. Scott* (1994) 9 Cal.4th 331, 354.) Our Supreme Court adopted this forfeiture rule " 'to reduce the number of errors committed in the first instance' [citation], and 'the number of costly appeals brought on that basis.' " (*People v. Smith*, *supra*, at p. 852; accord *People v. Welch* (1993) 5 Cal.4th 228, 235.) In the context of criminal sentencing, this forfeiture rule applies "to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices. Included in this category are cases in which the stated reasons allegedly do not apply to the particular case, and cases in which the court purportedly erred because it double-counted a particular sentencing factor, misweighed the various factors, or failed to state any reasons or give a sufficient number of valid reasons." (*People v. Scott*, *supra*, at p. 353.)

In this appeal, Lopez raises three challenges to the trial court's sentencing choices that he was required to bring to the trial court's attention. (*People v. Scott*, *supra*, 9 Cal.4th at p. 353.) Because he did not do so, they are forfeited on appeal. (*Ibid.*)

Lopez offers no reason or argument why the forfeiture rule should not apply in this case, and we see none.  Accordingly, we will affirm the judgment.

DISPOSITION

The judgment is affirmed.


/s/_____
FEINBERG, J.



We concur:



/s/_____
HULL, Acting P. J.



/s/_____
WISEMAN, J.[*]

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.