Filed 6/16/25  In re J.S. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re J.S., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B336049 (Super. Ct. No. LB0256A) (Los Angeles County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>J.S.,<br><br>    Defendant and Appellant. | |

        J.S., a juvenile, appeals a judgment of the juvenile court sustaining a Welfare and Institutions Code[1] section 602 petition and finding that he committed second degree robbery (Pen. Code, § 211), a felony.  In its disposition, the court imposed a short detention period, followed by probation.  It declared a maximum

---

        [1] All statutory references are to the Welfare and Institutions Code unless otherwise stated.

period of confinement of four years. It is three years for the middle term for robbery. We modify the judgment and affirm.

## FACTS

On April 26, 2023, Bryan went to school wearing a gold chain. J.S. saw the gold chain and asked Bryan to "hang out" with him on Friday. On Friday, J.S. drove to Bryan's house. J.S. had two friends with him in the car. J.S. drove Bryan to McDonald's where they ordered food and drove to a parking lot.

Suddenly two men with guns approached the car. One man told Bryan to give him his property. Bryan gave the man his phone and watch. The man took his gold chain. The two armed men took items from the others in the car, and the two robbers then "ran off." J.S. drove Bryan home. Bryan called the police.

When Bryan went back to school, he saw the others who were in the car with him. They had the items that the two robbers had taken from them. Bryan realized that J.S. and J.S.'s friends had set him up for the robbery. Bryan looked at J.S.'s Instagram account where J.S. posted a video of the person who robbed Bryan holding and "flexing" Bryan's gold chain.

The People filed a section 602 petition alleging J.S. committed second degree robbery. J.S. denied the allegation. After an adjudication hearing, the juvenile court sustained the petition finding J.S. committed second degree robbery, a felony. The court set the case for a disposition hearing. At that hearing the court, among other things, found the maximum period of confinement was four years.

## DISCUSSION

### *The Maximum Period of Confinement*

The juvenile court must determine the maximum period of confinement. (*In re A.G.* (2011) 193 Cal.App.4th 791, 801.) The

2

court found the maximum period of confinement was four years. The parties agree that the court erred in making this finding.

Section 730, subdivision (a)(2) provides, "A court shall not commit a juvenile to any juvenile facility for a period that exceeds the middle term of imprisonment that could be imposed upon an adult convicted of the same offense."

The juvenile court found J.S. committed second degree robbery. (§ 211.) Penal Code section 213, subdivision (a)(2) provides, "Robbery of the second degree is punishable by imprisonment in the state prison for two, *three*, or five years." (Italics added.) Because the middle term for robbery is three years, the maximum period of confinement is three years. (§ 730, subd. (a)(2).) The court erred by finding the maximum period of confinement was four years.

An appellate court may correct this error without remanding the case to the trial court. (*People v. Smith* (2001) 24 Cal.4th 849, 854.)

DISPOSITION

The judgment is modified to reduce the maximum period of confinement from four years to three years. As so modified, the judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


BALTODANO, J.        CODY, J.


3

John C. Lawson II, Judge

Superior Court County of Los Angeles

_____

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.