Filed 3/16/26  P. v. Mitchell CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GREGORY DEAN MITCHELL,<br><br>    Defendant and Appellant. | 2d Crim. No. B344127<br>(Super. Ct. No. SM105565)<br>(Santa Barbara County) |

Gregory Dean Mitchell appeals from the trial court's order denying his motion for a youth offender parole hearing.  (Pen. Code, §§ 1203.01, 3051.)[1]  He contends the denial of his motion was error because he has an equal protection right under the federal and California Constitutions to have a youth offender parole hearing, and thus a *Franklin*[2] hearing or proceeding.  We affirm.

_____

[1]  All further statutory references are to the Penal Code.

[2]  *People v. Franklin* (2016) 63 Cal.4th 261.

*Factual and Procedural Background*

In 1997, appellant and three other men robbed the Vandenburg Federal Credit Union in Lompoc. All four men were armed. Moments after the robbery began, appellant shot security guard Octavio Gallardo in the leg. Christine Orciuch was walking toward the front door of the credit union when appellant shot Gallardo. Orciuch turned and ran toward her parked car where her 11-year old son was waiting. As she ran, appellant shot her in the back, killing her.

In 1999, a jury convicted appellant of first degree murder (§ 187, subd. (a)), robbery (§ 211), burglary (§ 459), and assault with a firearm (§ 245, subd. (a)). The jury also found true the special circumstance allegations that the murder was committed during a robbery and a burglary. (§ 190.2, subd. (a)(17).) Appellant was sentenced to a determinate term of 38 years followed by life without the possibility of parole (LWOP).

In 2001, we affirmed the judgment. (*People v. Mitchell* (Feb. 21, 2001, B136280) [nonpub. opn.].)[3]

In 2023, appellant filed a motion in propria persona requesting a hearing to preserve evidence for a possible youth offender parole hearing pursuant to section 3051. The trial court denied the motion because appellant was 18 years old at the time of the controlling offense, was sentenced to LWOP, and was therefore statutorily ineligible for a youth offender parole hearing. (*Id.*, subds. (b)(4), (h).)

In 2024, we affirmed the trial court's order based on *People v. Hardin* (2024) 15 Cal.5th 834 (*Hardin*), which held that section 3051's exclusion of youthful offenders sentenced to LWOP

---

[3] We granted appellant's motion to take judicial notice of our prior opinions in case numbers B136280 and B329199.

withstands rational basis scrutiny and does not violate constitutional guarantees of equal protection (*id*., at pp. 838-839, 866).  (*People v. Mitchell* (June 17, 2024, B329199) [nonpub. opn.] (*Mitchell I*).)

In January 2025, appellant filed in propria persona "Motion under Penal Codes 1203.01 and 3051 for Youth Offender Parole Hearing."  The motion stated: "[Appellant] acknowledges that because he was sentenced to life without the possibility of parole ("LWOP") for special circumstances felony mu[r]der that occurred when he was 18 years old, he is statutorily ineligible for youth offender parole [citation.]  However, [appellant] respectfully asks this Court to find that he is now eligible and entitled to a youth offender parole hearing pursuant to *People v. Briscoe* (2024) 105 Cal.App.5th 479 and under the equal protection guarantees of the state and federal Constitutions.  (See Cal. Const., art. I, [§] 7, subd. (a); U.S. Const., 14th Amend.)"

The trial court denied the motion stating, "Since the jury convicted [appellant] as the actual killer, the *Briscoe* decision does not apply to his situation.  The *Hardin* case controls. [Citation.]"

*Discussion*

Appellant acknowledges that the doctrine of law of the case forecloses raising the sub-issues of equal protection and cruel or unusual punishment previously raised and rejected in *Mitchell I*, *supra*, B329199.  (Citing *People v. Stanley* (1995) 10 Cal.4th 764, 786-787.)

However, appellant contends he is not precluded from arguing that there is no rational basis to distinguish between young adult offenders sentenced to LWOP and juvenile offenders sentenced to LWOP because the Court in *Hardin* did not consider

3

that issue and *Mitchell I, supra*, B329199, did not discuss it.  (See *Hardin, supra*, 15 Cal.5th at p. 846.)

This contention is forfeited for failure to raise it below. (*People v. Smith* (2001) 24 Cal.4th 849, 852.)

But even absent forfeiture, appellant's contention is meritless.  California appellate courts have concluded that the Legislature had a rational basis to distinguish between offenders with the same sentence based on their age.  (See *People v. Sands* (2021) 70 Cal.App.5th 193, 204; *In re Murray* (2021) 68 Cal.App.5th 456, 463-464; *People v. Morales* (2021) 67 Cal.App. 5th 326, 347; *People v. Jackson* (2021) 61 Cal.App.5th 189, 196-197; *People v. Acosta* (2021) 60 Cal.App.5th 769, 779-780; accord, *Miller v. Alabama* (2012) 567 U.S. 460, 471 ["children are constitutionally different from adults for purposes of sentencing"]; *Roper v. Simmons* (2005) 543 U.S. 551, 574 ["[t]he age of 18 is the point where society draws the line for many purposes between childhood and adulthood"].)  We reach the same conclusion here.

Accordingly, appellant's prejudice argument fails.

*Disposition*

The trial court's order denying appellant's motion for a youth offender parole hearing is affirmed.

NOT TO BE PUBLISHED.


YEGAN, Acting P. J.

We concur:


BALTODANO, J.


CODY, J.

4

Stephen Foley, Judge

Superior Court County of Santa Barbara

_____

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Gary A. Lieberman, Deputy Attorney General, for Plaintiff and Respondent.