Filed 3/19/26  P. v. Thomas CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>KEVIN ODELL THOMAS,<br><br>　　Defendant and Appellant. | B343235<br><br>(Los Angeles County Super. Ct. No. SA008528) |

APPEAL from an order of the Superior Court of Los Angeles County, William L. Sadler, Judge.  Affirmed.

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, Deepti Vaadyala, Deputy Attorney General, for Plaintiff and Respondent.

A jury convicted Kevin Odell Thomas (defendant) of special circumstance murder and second degree robbery, and the trial court sentenced him to life without the possibility of parole (LWOP). Many years later, he requested a *People v. Franklin* (2016) 63 Cal.4th 261 hearing to preserve evidence for a future youth offender parole hearing. The trial court denied that request because defendant is serving an LWOP sentence that makes him statutorily ineligible for a *Franklin* hearing. We are asked to decide whether the governing youth offender parole statute that makes him ineligible for a *Franklin* hearing violates constitutional equal protection or cruel or unusual punishment guarantees.

## I.  BACKGROUND

### A.  *Defendant's Conviction and Sentencing*

On the morning of Friday, November 8, 1991, Donald Lee (Lee), who owned a check cashing business, withdrew $64,000 in cash from a branch of Wells Fargo Bank located on South Sepulveda Boulevard in Los Angeles. Moments after Lee left the bank through its rear door, defendant accosted him. Matters escalated quickly with both men drawing guns from their waistbands and opening fire at each other. Lee was hit multiple times and fell to the ground, fatally wounded. Defendant, also wounded, grabbed the bag containing most of Lee's cash and fled the scene with two accomplices. At the time, defendant was 19 years old.

2

The Los Angeles District Attorney charged defendant by information with murder (Pen. Code,[1] § 187, subd. (a)) and second degree robbery (§ 211). The information also alleged defendant committed the murder while engaged in the commission of a robbery (§ 190.2, subd. (a)(17)), personally used a handgun (§ 12022.5, subd. (a)), and was a principal armed with a handgun (§ 12022, subd. (a)(1)).

A jury found defendant guilty of both crimes and found true the special circumstance and firearm allegations. The trial court sentenced defendant to LWOP for the special circumstance first degree murder, plus five additional years for the personal use firearm enhancement, and stayed the sentence for the principal-armed enhancement. The court also stayed a six-year sentence on the robbery conviction. On direct appeal, a different panel of this court affirmed the judgment. (*People v. Thomas* (Sept. 28, 1995, B083574) [nonpub. opn.].)

### B. *Defendant's* Franklin *Requests*

Many years later, in 2019, defendant moved for a *Franklin* hearing. The trial court took the matter off calendar after defendant's deputy public defender advised that her client was not eligible for relief under *Franklin*.[2]

In March 2023, defendant filed a form motion for a *Franklin* hearing and appointment of counsel. In his motion, defendant argued the exclusion of offenders aged 18 to 25

---

[1] Undesignated statutory references that follow are to the Penal Code.

[2] This proceeding involved a different bench officer than the one whose ruling is the subject of this appeal.

sentenced to LWOP from youth offender parole violated his right to equal protection under the federal and state constitutions and violated the California Constitution's ban on cruel or unusual punishment. Two months later, defendant's appointed counsel advised the trial court that defendant was ineligible for relief and made an oral motion to have the matter taken off calendar, which the court granted.[3]

In December 2024,[4] defendant filed a handwritten motion for a *Franklin* hearing and appointment of counsel. Defendant argued section 3051's exclusion of 18-to-25-year-old LWOP offenders from eligibility for youth offender parole hearings violates equal protection principles. Defendant contended there was no rational basis to make 18-to-25-year-old LWOP offenders ineligible for youth offender parole while 18-to-25-year-old offenders serving the functional equivalent of LWOP were so eligible. Although defendant stated in his motion's preamble that his request was based on "equal protection an[d] cruel or unusual punishment principles," he omitted any discussion of cruel or unusual punishment principles or their application to him from his supporting memorandum of points and authorities.

That same day, the trial court summarily denied the motion. It found that because defendant was 19 years old at the time of Lee's murder, "[h]e was not a juvenile offender and doesn't qualify for [*Franklin*] assistance."

---

[3]     This proceeding involved the same judge whose ruling is the subject of this appeal.

[4]     Although defendant mailed his motion to the trial court in mid- November 2024, it was not filed stamped by the superior court until December 5, 2024.

4

## II.  DISCUSSION

Defendant makes two equal protection arguments—only one of which was made below.  He argues, as he did in the trial court, that section 3051 violates equal protection principles by treating young adult offenders sentenced to LWOP differently than young adult offenders serving non-LWOP sentences for murder.  As defendant concedes, this argument was rejected by our Supreme Court in *People v. Hardin* (2024) 15 Cal.5th 834 and that holding is binding.  Defendant additionally contends section 3051 violates equal protection principles because *juvenile* offenders (under 18 years of age) sentenced to LWOP are entitled to parole hearings while *young adult* offenders (18 to 25 years old) are not.  This argument is forfeited because it was not raised in the trial court and it is also unpersuasive because the distinction drawn by the Legislature has a rational basis.

Defendant additionally contends the exclusion of young adult offenders sentenced to LWOP from youth parole hearings constitutes cruel or unusual punishment.  This argument also was not made below and it is forfeited.  Even putting aside the forfeiture, numerous appellate courts have upheld LWOP (and de facto LWOP) sentences for young adults against cruel or unusual punishment claims, and our Supreme Court has held that even death sentences are not unconstitutionally disproportionate for a homicide committed by an offender 18 years old or older.

### A.     *Section 3051*

Section 3051 requires the Board of Parole Hearings to conduct a "youth offender parole hearing" during the 15th, 20th, or 25th year of a defendant's incarceration if they were 25 years

5

or younger at the time of the "controlling offense," i.e., "the offense or enhancement for which any sentencing court imposed the longest term of imprisonment." (§ 3051, subds. (a)(1), (a)(2)(B), (b)(1)-(4).) The statute excludes several categories of offenders, however, including those who (like defendant) are "sentenced to life in prison without the possibility of parole for a controlling offense that was committed after the person had attained 18 years of age." (§ 3051, subd. (h).) Defendants who are eligible for a youth offender parole hearing may request a *Franklin* hearing to develop and preserve evidence of their characteristics and circumstances at the time of the offense. (*Hardin*, *supra*, 15 Cal.5th at 840.)

B. *Defendant's Equal Protection Arguments Are Unavailing*

The holding in *Hardin* compels rejection of defendant's argument that section 3051 violates equal protection principles by treating young adult offenders sentenced to LWOP for special circumstance murder differently than young adult offenders serving "de facto LWOP" sentences.[5] (*Hardin, supra*, 15 Cal.5th at 839 ["When it was considering whether to expand the youth offender parole system to include not only juvenile offenders but also certain young adults, the Legislature could rationally balance the seriousness of the offender's crimes against the capacity of all young adults for growth, and determine that young adults who have committed certain very serious crimes should

---

[5] The *Hardin* court stated its holding did not foreclose other as-applied challenges (*Hardin*, *supra*, 15 Cal.5th at 862, 864), but defendant presents only a facial challenge to section 3051.

6

remain ineligible for release from prison.  Hardin has not demonstrated that the Legislature acted irrationally in declining to grant the possibility of parole to young adult offenders convicted of special circumstance murder, even as it has granted youth offender hearings to young adults convicted of other offenses"].)

Defendant's second equal protection argument, that section 3051 violates equal protection by treating juvenile and young adult LWOP offenders differently, is forfeited for failure to raise it below.  (*People v. Smith* (2001) 24 Cal.4th 849, 852 ["only 'claims properly raised and preserved by the parties are reviewable on appeal'"]; *In re Sheena K.* (2007) 40 Cal.4th 875, 886-887 [even constitutional rights are subject to forfeiture]; *People v. Alexander* (2010) 49 Cal.4th 846, 880, fn. 14.)  The argument is also unpersuasive, as various courts before us have held.  (See, e.g., *Roper v. Simmons* (2005) 543 U.S. 551, 574; *People v. Sands* (2021) 70 Cal.App.5th 193, 204 ["The Legislature had a rational basis to distinguish between offenders with the same sentence (life without parole) based on their age"]; *In re Murray* (2021) 68 Cal.App.5th 456, 464 ["While section 3051 is not a sentencing statute per se, it nevertheless impacts the length of sentence served.  We thus believe that in this context, the line between juveniles and adults remains a rational one"]; *People v. Jackson* (2021) 61 Cal.App.5th 189, 196-197 ["We conclude defendant's equal protection challenge to this classification lacks merit because both the United States Supreme Court and our high court have repeatedly found the bright-line drawn between juveniles and nonjuveniles to be a rational one when it comes to criminal sentencing"]; *People v. Acosta* (2021) 60 Cal.App.5th 769, 780.)

7

*C.    Defendant's Cruel or Unusual Punishment Argument Is Unavailing*

Article I, section 17 of the California Constitution provides that "[c]ruel or unusual punishment may not be inflicted or excessive fines imposed."  A sentence violates the California Constitution—and the Eighth Amendment to the United States Constitution's similar prohibition of cruel and unusual punishment—"when the penalty is 'grossly disproportionate to the offense' [citation] so that it '"shocks the conscience and offends fundamental notions of human dignity"' [citations]." (*People v. Steskal* (2021) 11 Cal.5th 332, 378.)

Defendant argues for the first time on appeal that foreclosing young adult offenders over the age of 18 from obtaining parole consideration (under section 3051) amounts to a sentence that is constitutionally invalid as cruel or unusual punishment.  This argument was not developed in the trial court and is forfeited for that reason.  (See, e.g., *People v. Baker* (2018) 20 Cal.App.5th 711, 720 ["A claim that a sentence is cruel or unusual requires a 'fact specific' inquiry and is forfeited if not raised below"].)

Defendant's argument is also unpersuasive regardless. Our Supreme Court has rejected "'the argument that a death penalty scheme that treats differently those who are 18 years of age and older, and those younger than 18, violates equal protection.  [Citations.]  Indeed, the United States Supreme Court has concluded the United States Constitution draws precisely this line, prohibiting the death penalty for those younger than 18 years of age, but not for those 18 years of age and older.'"  (*People v. Powell* (2018) 6 Cal.5th 136, 191.)  As one

8

court has explained, "[i]f the Eighth Amendment does not prohibit a sentence of death for 21 year olds, then most assuredly, it does not prohibit the lesser LWOP sentence." (*In re Williams* (2020) 57 Cal.App.5th 427, 439, fn. omitted.) Moreover, numerous appellate decisions have upheld LWOP sentences imposed on young adults (but not juveniles) against cruel or unusual punishment challenges. (See, e.g., *Sands*, *supra*, 70 Cal.App.5th at 204 [LWOP "does not violate the Eighth Amendment when imposed on an adult, even an adult under the age of 26"]; *Acosta*, *supra*, 60 Cal.App.5th at 781 [*Miller v. Alabama* (2012) 567 U.S. 460, which held the Eighth Amendment prohibits sentencing a juvenile to a mandatory term of LWOP, "applies to juvenile offenders sentenced to mandatory LWOP terms, not 21 year olds"]; *Williams, supra,* at 438-439 [affirming LWOP sentence for a 21-year-old]; *People v. Montelongo* (2020) 55 Cal.App.5th 1016, 1031-1032 [Eighth Amendment does not prohibit imposing a LWOP sentence on an 18-year-old]; *People v. Abundio* (2013) 221 Cal.App.4th 1211, 1220-1221 [holding LWOP is constitutional for an 18-year-old defendant].) Absent further guidance from our Supreme Court, we reach the same result.

9

DISPOSITION

The trial court's order is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, Acting P. J.

We concur:



MOOR, J.



KIM (D.), J.