Filed 11/17/23  P. v. Dunn CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MARK ALLEN DUNN,<br><br>Defendant and Appellant. | C098585<br><br>(Super. Ct. Nos. CRF23-00373, CRF23-00530) |

Appointed counsel for defendant Mark Allen Dunn asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We have reviewed the record and will correct a minor error in the fines imposed, but otherwise affirm the judgment.

1

## FACTS AND HISTORY OF THE PROCEEDINGS

We provide the following brief description of the facts and procedural history of the case. (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

This appeal involves two cases. In case No. CRF23-00373, the prosecution charged defendant with one count of driving or taking a vehicle without consent. (Veh. Code, § 10851, subd. (a).) Defendant then failed to appear in court for that case, and the prosecution initiated case No. CRF23-00530, charging defendant with one count of failure to appear while on bail. (Pen. Code, § 1320.5; statutory section citations that follow are to the Penal Code unless otherwise stated.) The prosecution also alleged defendant was released from custody on bail at the time of the offense. (§ 12022.1.)

Defendant resolved both cases with a plea agreement in which he pleaded no contest to both counts for a maximum combined sentence of two years in local custody. The prosecution agreed to dismiss the remaining allegation. The parties agreed the factual basis could be drawn from the pretrial release report and the records within the court's files. According to the report, a sheriff's deputy stopped defendant after seeing him driving a car that was reported as stolen. Defendant said he had purchased the vehicle from the victim but was warned the victim could be mentally ill and might report the vehicle as stolen.

At the sentencing hearing, defendant asked the trial court to grant probation. Considering defendant's criminal history, which included misdemeanor and felony convictions and multiple failures to appear, the court denied defendant's request. The trial court sentenced defendant to the low term of 16 months for the driving a vehicle without consent conviction in CRF23-00373, plus a consecutive sentence of eight months for the failure to appear conviction in CRF23-00530, for an aggregate total of two years in local prison. The court imposed a $300 restitution fine (§ 1202.4), a $40 court security

2

fee (§ 1465.8) for each conviction, and a $30 conviction assessment (Gov. Code, § 70373) for each conviction.

Defendant timely appealed without a certificate of probable cause.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

After examining the record, we note the court erred by not imposing and suspending a mandatory parole revocation restitution fine in both cases. While the court imposed $300 restitution fines pursuant to section 1202.4, subdivision (b), in each case, it did not impose an identical parole revocation restitution fine in each case, which section 1202.45 requires.

Subdivision (a) of section 1202.45 provides: "In every case where a person is convicted of a crime and his or her sentence includes a period of parole, the court shall, at the time of imposing the restitution fine pursuant to subdivision (b) of Section 1202.4, assess an additional parole revocation restitution fine in the same amount as that imposed pursuant to subdivision (b) of Section 1202.4." (§ 1202.45, subd. (a).) Subdivision (c) provides such fines shall be suspended unless parole is revoked. (§ 1202.45, subd. (c).)

We will modify the judgment to impose the appropriate parole revocation restitution fines, stayed unless parole is revoked, and direct the trial court to issue an amended abstract of judgment. (*People v. Smith* (2001) 24 Cal.4th 849, 853-854.)

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

3

The judgment is modified to reflect a $300 parole revocation fine under section 1202.45, suspended unless parole is revoked, in case No. CRF23-00373 and case No. CRF23-00530.  The trial court is directed to issue an amended abstract of judgment reflecting these amounts and forward a certified copy to the Yuba County Sheriff's Office.  As modified, the judgment is affirmed.

 

 

                                                               _____

                                                               HULL, Acting P. J.

We concur:

_____

RENNER, J.

_____

KEITHLEY, J.*

---

* Judge of the Butte County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4