Filed 10/17/25  P. v. Brown CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Lassen)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C102343 |
| v. | (Super. Ct. No. 2024-CR0090337) |
| TRAVELL BROWN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Travell Brown asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Our review of the record discloses that the trial court did not orally pronounce a $300 parole revocation fine matching the $300 restitution fine

1

as required by law.  (Pen. Code, § 1202.45, subd. (a).)[1]  We will modify the judgment to impose the $300 parole revocation fine.  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

I

In July 2022, defendant was incarcerated in High Desert State Prison.  He approached another inmate and punched him in the face.  The victim fell to the ground where he lay motionless for a few minutes before getting up and walking toward correctional officers.  The victim sustained a cut to his chin and a bump on the back of his head.

In January 2024, the People charged defendant with assault by means of force likely to produce great bodily injury, while confined in a state prison.  (§ 4501, subd. (b).)  The People alleged that during the commission of the crime, defendant personally inflicted great bodily injury on the victim.  (§ 12022.7, subd. (a).)  The People further alleged that defendant had two prior strike convictions for robbery (§ 211) and assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)).

In August 2024, the trial court denied defendant's motion to replace appointed counsel.  During a trial readiness conference that same day, the trial court noted that the People had offered defendant the low term of two years, doubled, and the offer remained open.  The trial court informed defendant he could take the offer or go to trial.  The trial court repeatedly asked defendant if he wanted to accept the plea offer or go to trial, but defendant refused to answer and turned his back to counsel and the trial court.  The trial court said defendant was "choosing his path" and confirmed trial.

Trial began on October 1, 2024.  Before selecting a jury, the trial court advised defendant that he was facing a term of 25 years to life, but the People were offering him

---

[1]  Undesignated statutory references are to the Penal Code.

2

a determinate sentence in exchange for a plea. Defendant rejected the offer. The trial court asked defendant whether he wanted to admit the prior strike allegations or submit the matter to the jury, and defendant responded, "let the jury decide."

Following the trial court's ruling on the motions in limine, the prosecutor moved to file an amended complaint. The prosecutor said, "I regard this not as an assault with force likely, but a battery with serious bodily injury." Defendant objected, and the trial court said it would defer ruling on the motion until after evidence was presented and the trial court could determine whether there was evidence sufficient to support the amendment.

A jury was sworn, and trial began. After the People rested, the prosecutor moved to amend the complaint to allege that defendant committed battery resulting in serious bodily injury. (§ 243, subd. (d).) The trial court granted the prosecutor's motion. Defendant moved for an acquittal on the charge of assault with force likely to produce great bodily injury. The prosecutor agreed the motion had merit, and the trial court granted the motion and dismissed the charge.

The trial court informed the jury that the assault charge was dismissed and instructed the jury on the new charge of battery resulting in great bodily injury. The trial court also instructed the jury that its ruling was "only that there's enough evidence for you to consider the charge. You are not to take my ruling as any form of statement that there's sufficient evidence to prove the charge beyond a reasonable doubt. That's not my job, that is your job."

The jury found defendant guilty of battery resulting in great bodily injury. In a bifurcated proceeding, the jury also found true the prior strike allegations. Defense counsel asked for a referral to probation before sentencing; defendant raised his own objection and said he wanted to be sentenced immediately. Defense counsel argued the prior strikes were from a single event and should not constitute two strikes, and the

3

prosecutor agreed.  Over defendant's own objection, the trial court found good cause to continue sentencing and set the matter for October 24, 2024.

Prior to sentencing, defendant (through counsel) filed a motion to deem the two prior strike convictions to be a single strike.  The trial court granted the motion.  At sentencing, defense counsel argued that no aggravating factors were pleaded or proven, so the middle term was the appropriate sentence.  The trial court sentenced defendant to the middle term of three years, doubled for the prior strike, consecutive to the term defendant was already serving.  The trial court ordered defendant to pay a $300 restitution fine (§ 1202.4, subd. (b)), a $40 court operations fee (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373).  The trial court found no credit for time served.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.  More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we have determined that the trial court did not orally impose a $300 parole revocation fine (§ 1202.45) to match the $300 restitution fine (§ 1202.4, subd. (b)) as required by law.  We will modify the judgment to impose a $300 parole revocation fine.  (See, e.g., *People v. Smith* (2001) 24 Cal.4th 849, 853 [the failure to impose a matching parole revocation fine is a nondiscretionary sentencing error correctable on appeal].)  Because the October 24, 2024 minute order following sentence, and the amended abstract of judgment, already reflect a $300 parole revocation fine, no amendments to those documents are necessary.

Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

DISPOSITION

The judgment is modified to impose a $300 parole revocation fine (§ 1202.45), suspended unless parole is revoked.  The judgment is affirmed as modified.


_____/S/_____

MAURO, J.



We concur:



_____/S/_____

ROBIE, Acting P. J.



_____/S/_____

KRAUSE, J.